Basil Root *vs.* The State of Maryland.—*June,* 1839.

The proceeding against the putative father of an illegitimate child, is a pe-
culiar one, prescribed by the act of assembly, which gives jurisdiction to
a single magistrate, whose judgment, however, in the discretion of the
party charged, may be reviewed by a jury in the county court.

The jurisdiction and the mode of proceeding being special, must be strictly
pursued.

The affidavit of the mother, the foundation of the proceedings, may properly
be made in the county in which she and the child reside, and be transmitted
to the county in which the supposed father resides; and a magistrate of the
latter county may recognize him to appear before the county court thereof,
at its next session, to answer the charge.

And the indictment should shew the residence of the mother and child, so
that, if found guilty, the father may be compelled, by a judgment pursu-
ant to the verdict, to recognize for the indemnity of the proper county.

Where it appeared by the indictment that the parties all resided in one coun-
ty, and the court upon the verdict adjudged that the father should give se-
curity to indemnify another county, it was held to be error; and as no fur-
ther proceedings could be instituted in the county in which the trial was
had, this court reversed the judgment and refused a procedendo.

This was an indictment against the plaintiff in error for be-
ing the father of an illegitimate child.

The mother and the child resided in *Frederick* county, and
the father, the plaintiff in error, in *Carroll* county.

The proceedings which led to the finding of the indictment
by the grand jury of *Carroll* county was as follows:

1st. The affidavit of the mother made before a justice of the
peace of *Frederick* county, which was transmitted to *Carroll*
county, the residence of the putative father.

2nd. The warrant of a magistrate of the *latter* county, di-
rected to a constable thereof, directing him to apprehend, and
bring before him, the said putative father, to find security to
indemnify *Frederick* county, from the charges which may arise
from the maintenance of the child.

3rd. The recognizance of the said father with sureties, in
the penalty of $80, taken by the same magistrate of *Carroll*
county, conditioned for the appearence of the party, at the
county court of said county, to be held on the first Monday
of April 1838, to answer the charge; and

4th. The following indictment found by the grand jury of *Carroll* county, upon the aforegoing proceedings.

The grand jurors of the State of Maryland for the body of *Carroll* county on their oath present, that *Basil Root* late of the said county, yeoman, on the twenty-fifth day of December, in the year 1836, at the county aforesaid, did beget upon the body of *Susanna Metz,* a free white woman of the said county, a female illegitimate child, of which said female illegitimate child, the said *Susanna Metz* afterwards, to wit, on the twenty-fifth day of September in the year 1837, at the county aforesaid, was then and there delivered, and which said female illegitimate child, was then and there born alive, and is still living, to wit, at the county aforesaid, to the great damage of the said *Susanna Metz,* against the form of the statute in such case made and provided, and against the peace, government, and dignity of the State.

To which the traverser pleaded not guilty, but the jury having found a verdict against him, he moved in arrest of judgment for the following reasons:

1st. That the proceedings in this case are, by virtue of certain acts of assembly, in such case made and provided; and that the proceedings required by said acts of assembly, as preliminary to any action of the grand jury, upon the subject, have not been complied with. The traverser was never recognized by a magistrte of *Carroll* county, to appear in *Carroll* county court, to answer for being the father of an illegitimate child of *Susanna Metz* of *Carroll* county, of which she was delivered in said county; there was never any affidavit by the said *Susanna Metz,* (before the action of the grand jury in this case,) that *Basil Root* the traverser, was the father of any illegitimate child of which she was ever delivered in *Carroll* county. The presentment, and indictment, and verdict, are not warranted by the proceedings filed in court in this case, and making a part of the record thereof; and upon the whole record no judgment or order can be passed. The whole record in this case shows that, the provisions of the act of assembly, in order to give this court jurisdiction of the subject matter, were not complied

with, and therefore the whole proceedings in this court are "*coram non judice*" and void.

The motion in arrest being overruled by the county court, the traverser was adjudged to enter into a recognizance to indemnify *Frederick* county, against the support of the said illegitimate child, which being done he sued out the present writ of error.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, and CHAMBERS, J.

By RAYMOND and PALMER for the plaintiff in error, and By BOYLE, D. A. G., for the State.

CHAMBERS, J., delivered the opinion of the court.

The proceeding against a putative father of an illegitimate child is a peculiar one, prescribed by the act of assembly, by the terms of which jurisdiction is vested in a single magistrate, whose judgment in the discretion of the person charged, may be reviewed by the jury in a county court.

The jurisdiction and mode of proceeding being peculiar, must be exactly pursued.

The affidavit of the mother was in this case properly made in *Frederick*, where she resided with the child, and transmitted to *Carroll*, where the putative father resided; and the magistrate in *Carroll* properly recognized the party to appear at the next session of the *Carroll* county court, for so we must understand the recognizance to intend.

All the subsequent proceedings are erroneous; the indictment so far from being pursuant to the affidavit, makes a case, in which all the parties reside in *Carroll* county, and in which consequently *Carroll* county is to be indemnified.

On this indictment, a verdict was rendered against the party charged, and the judgment on that verdict, so far from pursuing its finding, directs a recognizance to indemnify *Frederick* couty.

The indictment should have stated the fact of the mother's residence with the child in *Frederick*; so that the verdict could

be properly given, to compel the recognizance to indemnify the county of *Frederick*.

As no new proceedings could be instituted in *Carroll* county, by which the errors complained of can be corrected, we shall not order a procedendo.

JUDGMENT REVERSED.