(Decided Oct. 30th, 1863.)

THOMAS BENTON CUSHWA *vs.* STATE OF MARYLAND.

BASTARDY: JURISDICTION.—The proceeding in cases of bastardy prescribed by Art 13, of the Code, which gives jurisdiction over them to justices of the peace, and directs the steps necessary to be taken by the justices in tthe first instance, being a special proceeding, the requirements of the statute must be strictly observed.

The jurisdiction conferred on the Circuit Courts by the 5th sec. of that Art., is not original, but in the nature of a review of the judgment of the justice, before whom alone the proceeding can originate under the Code.

*Writ of Error* to the Circuit Court for Washington County :

This was a proceeding under Art. 13 of the Code, by indictment, charging that the appellant was "the father of an illegitimate male child, at the county aforesaid, contrary to the form of the Act of Assembly in such case made and provided," &c. The defendant filed a plea to the jurisdiction of the Court to which the State demurred, and the Court below (PERRY, J.) sustained the demurrer. The defendant then demurred to the indictment, which was by

the Court over-ruled, and then put in the plea of *not guilty*, and the verdict and judgment being against him, appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*R. H. Alvey*, for the appellant :

This case is brought up on writ of error, which "lieth when a man is grieved by an error in the *foundation, proceeding, judgment,* or execution," of a Court of record. *Co. Litt.*, 288, *a.* So that the whole proceedings, and all the questions raised by them, are presented to this Court for review. *Dred Scott vs. Sandford, 19 How.*, 393, 565, 566.

The questions in the Court below were made by demurrers interposed to the indictment, and also to the plea to the jurisdiction. These demurrers put the legality of the whole proceedings in issue, and compelled the Court to examine the validity of the whole record; and, therefore, in an indictment removed from an inferior Court, if it appear from the caption that the Court before which it was taken had no jurisdiction over it, it will be adjudged to be invalid." *Whart. Cr. Law,* 242, 243. *The State vs. Phelps,* 9 *Md. Rep.*, 25, 26.

1. There was a total absence of jurisdiction in the Circuit Court to try this case. The jurisdiction of the Circuit Court in such cases is dependent upon the proceedings that take place before the justice of the peace, and can only be exercised by way of review, and at the discretion of the party charged.

The Code, Art. 13, sec. 5, provides, that "if any person, charged with being the father of an illegitimate child, *shall feel aggrieved by the judgment of the justice,* the justice shall require him to enter into recognizance for his appearance at the *next Circuit Court for the County,* and the said Court *shall take cognizance thereof,* and such proceedings *shall thereupon* be had as in other criminal cases."

"The jurisdiction and *mode of proceeding being peculiar,*

*must be exactly pursued."* *Root vs. State,* 10 *G.* & *J.,* 374. The proceedings themselves must show their conformity with, the Act by which they are authorised, and otherwise advantage of the non-conformity can at any time be taken." *Shivers vs. Wilson,* 5 *H.* & *J.,* 131. *Weaver vs. Baltzell,* 6 *G.* & *J.,* 335. *Mills vs. Martin,* 19 *Johns.,* 35. *Latham vs. Egerton,* 9 *Cow.,* 227. *Campbell vs. Webb,* 11 *Md. Rep.,* 471. 10 *Johns., R.,* 59, 60. *State vs. Cole,* 10 *Md. Rep.,* 168.

2. In this case there was not only an absence of all averment of proceedings before the magistrate, necessary to confer jurisdiction upon the Circuit Court, but, by plea to the jurisdiction, it was expressly alleged by the defendant, that there was no judgment of any justice of the peace requiring security to indemnify the county, nor any recognizance required or given for appearance at the Circuit Court. The State demurred to the plea, and thereby admitted the facts as stated therein. *State vs. Fearson,* 2 *Md. Rep.,* 310.

It is said by the Court in *Root vs. State,* 10 *G.* & *J.,* 376, that this proceeding is a peculiar one, "prescribed by the Act of Assembly, by the terms of which jurisdiction is vested in a single magistrate, whose judgment, in the discretion of the person charged, may be reviewed by the jury in a county Court.

3. The indictment is also defective in not alleging that the child was born alive, and still lived, and that the mother, resided at the time of the bill found, in Washington county. *Root vs. State,* 10 *G.* & *J.,* 374. *State vs. Nutwell,* 1 *Gill,* 54.

*W. Motter,* for the State :

The offence charged and for which the party is to be tried, is fornication. *Oldham vs. State,* 5 *Gill,* 90. *State vs. Phelphs,* 9 *Md. Rep.,* 21. *Owen vs. State,* 10 *Md. Rep.,* 164.

As to the general requisites of an an indictment, see 1 *Ch. Cr. L.,* 169, *et seq. State vs. Dent,* 3 *G.* & *J.,* 8. It

is sufficient if the offense be charged in the language of the statute. *State vs. Cassel,* 2 *H. & J.,* 407. *State vs. Price,* 12 *G. & J.,* 260. *Rex vs. Pemberton,* 2 *Burr.,* 1035, and cases there cited. *Whart. Precedents, 2nd Edn.,* secs. 1002, 1003 and 183 and notes.

It is not necessary to notice in the indictment the proceedings before the justice of the peace. Act of 1781, ch. 13. Code, Art. 13. *State vs. Root,* 10 *G. & J.,* 374. *State vs. Phelphs,* 9 *Md. Rep.,* 21.

On the plea to the jurisdiction it is conceded, upon the foregoing authorities, and the practice as laid down in *Latrobe's Justice,* and upon general principles, that where the party charged denies the paternity of the child, it is not required of the justice to enter a judgment requiring him to give security in the sum of $80, &c., to indemnify the county from all charges for the maintenance of the child. There can be no judgment in such case by the magistrate.

It is not essential to give the Court jurisdiction that the justice should take a recognizance for the party's appearance at Court. The recognizance is of no value if the party can be brought to trial in the Circuit Court.

BARTOL, J., delivered the opinion of this Court:

This is a proceeding by indictment against the plaintiff in error, as the putative father of an illegitmate child. A plea to the jurisdiction was interposed, alleging *"that there was no judgment of any justice of the peace of Washington County in and upon the premises,* requiring him, the said Thomas Benton Cushwa, to give security in the sum of eighty dollars to indemnify the said Washington County from all charges that may arise for the maintenance of said male child mentioned in said indictment, and *that he, the said Thomas Benton Cushwa, was never required by any justice of the peace of said county, or of any other county of said State, to enter into recognizance for his appearance at this or any other term of the Circuit Court for Washington County aforesaid,"* &c.

Cushwa *vs.* State.

The State demurred to this plea, and the Circuit Court ruled the demurrer good, and the plea insufficient.

We think there was error in this ruling, for which the judgment must be reversed. The proceedings in cases of this kind are prescribed by the 13th Article of the Code, which gives jurisdiction over them, to justices of the peace, and directs the steps necessary to be taken by the justice in the first instance. Being a special proceeding the requirements of the statute must be strictly observed. *Root vs. The State*, 10 *G. & J.*, 374. By the 2nd section of the 13th Article, the justice is required to cause the party charged "to give security in the sum of eighty dollars to indemnify the county, &c.; and by the 5th section it is provided, that if the party charged shall feel aggrieved by the judgment of the justice, the justice shall require him to enter into recognizance for his appearance at the next Circuit Court for the county * * * and the said Court shall take cognizance thereof, and such proceedings shall thereupon be had as in other criminal cases. The plea in this case alleges that no judgment was rendered by the justice, and no recognizance to appear was ever required. Without these preliminary proceedings, the Circuit Court was without jurisdiction, the basis for the Court's proceeding is the judgment of the justice, and the recognizance of the party to appear, upon which alone it is authorised to take cognizance of the matter. The jurisdiction conferred on the Circuit Court by the 5th section is not original, but in the nature of a review of the judgment of the justice before whom alone the proceeding can originate under the Code.

The matters alleged in the plea and admitted by the demurrer, were sufficient to show the Court without jurisdiction in the matter, and renders it unnecessary for us to express any opinion upon the other questions arising on the record and presented in argument. We do not mean to be understood that it is necessary to aver in the indictment the proceedings before the justice; under the provisions of the Code, that would seem to be unnecessary.

36     v. 20.

It appears from the record that at the trial of this case, the proceedings actually had before the justice were offered in evidence; and there being in fact no judgment against the party charged, nor any recognizance by him to appear, without which as we have said the proceedings before the Circuit Court were *coram non judice*, the judgment will be reversed without *procedendo.*

*Judgment reversed.*

(Decided Nov'r. 12th, 1863.)