ROBERT M. POLK *vs.* JACOB ROSE & CHARLES CRONHARDT, USE OF LYDIA CINNAMOND.

TAX TITLES: POWERS OF COLLECTOR TO SELL AND CONVEY, TO BE STRICTLY PURSUED :—The power of a tax collector to make sale of real estate for the payment of taxes so as to convey a valid title to the purchaser, is one which is specially delegated, and must be strictly pursued.

A series of acts preliminary in their character, are required by law to precede the execution of the power, each and every one of which is separate, independent and essential, and if any one of them be wanting, the whole proceeding is defective for want of sufficient authority to support it.

——: ——: ONUS ON ONE CLAIMING UNDER THE POWER TO SHOW ITS PROPER EXECUTION.—The party claiming under the power is chargeable with notice of every irregularity in the proceedings of the officers, and the *onus* is upon him to show the faithful execution of the power.

JURISDICTION IN EQUITY: PRACTICE IN EQUITY: CANCELLATION OF COLLECTORS' DEED: PRESUMPTION IN FAVOR OF TITLES UNDER JUDICIAL SALES.—A bill of complaint alleged that the sale for taxes under which the defendant claimed title, was utterly void under the laws of this State; that the defendant was vexatiously using his pretended deed (of the tax collector) and title there under, against the complainants, not only interfering with their tenants by demanding rent from them, but throwing a cloud of suspicion over their title. The prayer of the bill was for an injunction and general relief.—HELD:

1st. That a Court of Equity unquestionably had jurisdiction of the matters complained of.

2nd. That although there may be no special prayer in the bill for a cancellation of the defendants deed, under the prayer for general relief, a Court of Equity may decree that the deed of a party thus acting be cancelled.

3rd. An objection that the complainants have not exhibited with their said bill, the authority under which C., a trustee in Equity, sold them the property in question, is not tenable, the sale being a judicial sale, and the power to sell having been recited in the deed of the trustee, the maxim, "*id certum est, quod certum reddi potest,*" is applicable as well as the maxim "*omnia rite praesumuntur,*"

APPEAL from the Circuit Court of Baltimore city:

The bill in this case was filed by the appellees against the appellant, to set aside a sale to him of real estate made by

the collector of Baltimore city, for the payment of taxes and for an injunction restraining the appellant from attempting to collect the rents of such real estate, and concluded with a prayer for general relief.

The allegations of the bill and facts of the case are stated in the opinion of this Court. The appeal is from an order of the Court (ALEXANDER, J.) setting aside the deed of the collector and making perpetual the injunction before issued.

The cause was argued before BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Wm. Price and Benjamin Price* for the appellant:

1st. The appellant's counsel insisted upon their exceptions to the allegations of the bill, which they contended were fatal to the complainant's case.

2nd. They insisted upon their exceptions to the evidence.

3rd. They contended that the remedy of the complainants was at law, if they had any. *Drury vs. Conner*, 1 *H. & G.*, 229. *Richardson vs. Stillinger*, 12 *G. & J.*, 479. *Adams' Equity Doc.*, 375, & '6. *Clark vs. Morse*, 18 *Johns. Rep.*, 442. *Sto. Eq. Pleading*, 131, (a). — *Id.* —— 241, *et. seq.*

*Wm. F. Frick*, for the appellees:

The appellant, on this appeal, relies only on three points: 1st. His exceptions to the bill. 2nd. His exceptions to the evidence. 3rd. That the complainant's remedy is at law, and not in equity.

It is virtually conceded by him, that the sale for taxes was unauthorized and void. No point is made to the contrary. And the total failure to countervail the complainant's proof, or to offer any evidence in support of the averments in the answer may justly be treated as an admission that no such proof can be had. It may, therefore, be taken as conclusively established:

Polk *vs.* Rose & Cronhardt, use of Cinnamond.

1st. That List, the owner, was never served with any notice of thirty days, as required by the provisions of the 1 Code, Art. 81, sec. 49.

2nd. That there was sufficient personal property belonging to him, on the premises, to answer for the taxes in arrear, but no levy or distraint thereon was ever made as required by the 50th section, and no return made to the Appeal Tax Court, that no personal property could be found as required by the 54th section.

3rd. That the lot sold was clearly capable of division, without material injury to the owner, into two lots, either of which would have sold for more than the taxes due, and yet that the collector made no such division, nor did he comply in any respect with the provisions of the 60th section, requiring him before proceeding to sell an entire lot for taxes, to have the previous direction and authority of the Appeal Tax Court to do so, in manner and form as prescribed by that section. Vide sections 49, 50, 51, 54, 56, 59, 60, Art. 18, 1 Code. 2 Code, p. 332. Balto. Rev. Ordinances of 1858, p. 33, secs. 26 and 27, title, "Collector." The period of redemption, one year and a day, the Ordinance extends to two years. No deed can be given until the expiration of the two years.

If any of these prescribed preliminaries were wanting, the sale by the collector was void. Specially delegated powers to sell for taxes must be strictly pursued, and when the statute prescribes the mode of executing the power, it can be executed in no other way. *Sharp vs. Speer,* 4 *Hill,* 81. *Beatty vs. Knowler,* 4 *Peters,* 167. *Barrickman vs. Comm's Harford co.,* 11 *G. & J.,* 56. *State vs. Merryman,* 7 *H. & J.,* 91. *Swann vs. Mayor & C. C. of Cumberland,* 8 *Gill,* 154. *Root vs. State,* 10 *G. & J.,* 374. *Blackwell on Tax Titles,* 65 *to* 70. The only question, then, is whether the complainant's relief against that sale was in equity, and whether they have made out a case upon their bill.

The jurisdiction of the Court is undoubted. The bill is a "*quia timet*" bill. It proceeds upon the theory, that the defendant holds a deed for the complainant's property, good on its face, but voidable for want of power and authority in the city collector to execute it. It alleges, that he is using that deed, by way of claim upon the property; interfering with the collection of their rents by the complainants, and throwing a cloud upon their title. The object of the bill is to have that cloud removed, to have a decree declaring the deed void, so far as it affects the complainant's property, and, as ancillary relief, to have an injunction restraining the defendant from interfering with the complainant's tenants or property, under the color of that deed.

There is no practicable relief at law for the injury that may be done to the complainant's title, by the constant holding up of a tax title in terror to tenants and purchasers. The holder of such a title may have his action of ejectment at any time within twenty years, and his claim may be vexatiously litigated at a distance of time when the proper evidence to repel it may be lost or obscured, or when the other party may be disabled from contesting it with as much ability and force as he could contest it at the beginning. The ground on which equity interferes is, that if an instrument or deed is one that gives no title, and ought, therefore, not to be used or enforced, it is against conscience for the party holding it to retain it, and it ought to be surrendered or cancelled. It is by that measure of relief alone that the cloud upon the title (as it is termed) can be removed. See *Story's Equity, Vol.* 2 *secs.* 694, *and secs.* 700, 700 *a, and* 701, and cases cited in notes.

The jurisdiction in such cases has also been supported on the ground that it tends to prevent multiplicity of suits. *Carroll vs. Safford,* 3 *Howard's S. C. Rep.,* 453. *Holland vs. Mayor & C. C. of Balto.,* 11 *Md. Rep.,* 197, 463. *Pettit vs.*

Shepherd, 5 Paige, 493. Yancey vs. Hopkins, 1 Munf., 427. Bacon vs. Corn, 1 Sm. & Mar. Ch. Rep., 354. 1 Blackwell on Tax Titles, 480, 488.

If the jurisdiction can be sustained, the averments in the bill are sufficient to bring the case within it. The exceptions do not reach the vitality of the bill.

To the first, it may be answered, that the *gravamen* of the case is not that the taxes were not due, but that the collector had no right to sell. To the second, that it is not averred that List was not the owner when the taxes accrued, but only that he had transferred his interest when the property was sold. Nor is this point (the 5th) in the bill substantially relied on. To the third, that the *gravamen* of the charge is that the collector did not comply with the provisions of the 60th section of Art. 18, by obtaining before the sale the authority of the Appeal Tax Court to make the sale entire, and this averment is true. And this is not inconsistent with the third charge in the bill that a further irregularity occurred in covering only a part of the lot by the description.— But this was not by way of division, but by way of mistake. If division had been intended, two lots would have been produced, with a house on each; not two lots with parts only of houses on each. The objections in charges three and four in the bill are quite distinct. To the fourth, it may be said that it was neither necessary to aver in the bill nor show by proof how Cinnamond became trustee. The complainants have proved the deed under which they claim, and they aver title and possession, and that is sufficient.

Lastly. The prayer for specific relief (in addition to the injunction,) is that the cloud which the defendant has thrown around the title by his claim under the tax deed shall be removed; that is to say, that said deed should be declared null and void. But even if the prayer for specific relief should be deemed to be indeterminately worded, there can

be no doubt that the prayer for general relief would cover the vacating of the deed, that being the special relief to which the frame and structure of the bill necessarily points. *Story's Eq. Pl.*, secs. 40, 41, 52, 33.

Goldsborough, J., delivered the opinion of this Court:

The appellees, the complainants below, filed their bill of complaint against the appellant in the Circuit Court for Baltimore city, alleging that they were the owners of certain houses and lots on the north side of Columbia street, in said city, and being seized and possessed thereof, the appellant set up a claim to said lots under an alleged title by a tax deed from Augustus M. Price, the collector of taxes for the State and city, and that the appellant, by virtue of his pretended title, was not only interfering with the appellees right of property by requiring their tenants to pay the rents of the property to him, but that his conduct operated to cast a cloud upon their title.

The appellees further allege that they obtained their title to said houses and lots by deed from George R. Cinnamond, trustee, under a decree of the Circuit Court for Baltimore city, by which decree Cinnamond was authorized to sell the above property as the property of one Adam J. List.

They further allege and charge that the sale for taxes under which the appellant claims title, is utterly void under the laws of this State, and after assigning the reasons for this allegation, pray for an injunction for the purposes therein stated and for general relief. Injunction was issued as prayed. The appellant subsequently filed his answer, denying most of the allegations of the bill, but admitting that the appellees obtained a deed from Cinnamond, trustee, as stated in the bill, but that the sale made by him to the appellees, was not made until seven months after the appellant had purchased from the city collector.

A motion was made on the filing of the answer for a dissolution of the injunction, but the Court continued it until final hearing. Commission was issued at the instance of the appellees to take testimony, which being taken by them, (the appellant declining to take any,) and the commission returned, the cause was set down for final hearing, and being heard, the Circuit Court on the 21st day of December, 1864, passed a final decree making the injunction perpetual, and further decreed that the deed from Price to the appellant "be declared utterly null and void, so far as it covers or affects the lot belonging to the complainants mentioned in the proceedings."

In the review of the merits of this case, we propose to examine the claim and pretentions of the appellant. He relies on his title derived through the deed from the collector; and it becomes imprtant to ascertain what are the requisitions of the law to make such a title valid. To sustain the power of the collector which is a specially delegated one and must be strictly pursued, see 10 *G. & J.*, 374, 11 *G. & J.*, 56. 7 *H. & J.*, 79. A series of the acts preliminary in their character, are required by law to precede the execution of the power. Each and every step, from the assessment of the property for taxation, to the consummation of the title by delivery of the deed to the purchaser, is a separate and independent fact. All of these facts from the beginning to the end of the proceeding must exist, and if any material link in the chain of title is wanting, the whole is defective for want of sufficient authority to support it. The party claiming under the power is chargeable with notice of every irregularity in the proceedings of the officers, and the *onus* is upon him to show the faithful execution of the power.

This requisition is especially applicable to the purchaser at a tax sale. There is no hardship in this. At such sales it is notorious that the amount paid by purchasers is uniformly trifling in comparison with the value of the property sold.—

See *Blackwell on Tax Titles*, 65. While the maxim of law "*omnia rite praesumuntur* is appropriate only to judicial proceedings, no intendment in respect to the exercise of it is to be made in favor of a specially delegated power; so that every act, the performance of which is made a condition precedent to the validity of the acts of a special agent, whether appointed for a public or private purpose, must be be shown by proof. The *onus* is upon the purchaser at a tax sale, he must establish affirmatively that the officers acted strictly in conformity with the law. The acts of the officers are matters *in pais;* their existence is not made out by intendment but must be proved.

Tested by this exposition of the law, has the appellant offered any evidence of the validity of his tax title? He took none under the commission. He cannot rely upon his answer to the bill under sec. 103 of Art. 16 of the Code. Nor upon the recitals in his deed, for it is stated in *Blackwell* 73 that "the recitals in a tax deed are not evidence against the owner of the property, but the facts must be established by proof *aliunde.*" This rule of law is sustained by numerous authorities cited by the author.

While the appellant has failed to show the regularity of the proceedings of the collector as preliminary to the validity of his title, the evidence in the record offered by the appellee's, exhibits numerous irregularities.

It appears from the evidence of Adam J. List, that he resided on the premises sold, at the time of the levy and sale; that he had personal property amply sufficient to pay the taxes alleged to be due, but no distraint was made thereon. In this, the collector failed to comply with the 50th section of the 81st Art. of the Code. He also failed to make any return to the Appeal Tax Court, that he could find no personal property as required by the 54th section. He also failed to perform the duty imposed on him by the 60th section. It is

in evidence that the property liable for taxes, consisted of two separate houses, and that the lot on which they stood was susceptible of division, and that either of the houses would have sold for a sum more than sufficient to pay the taxes due, and yet the collector, disregarding the provisions of the 60th section, sold the whole without any regard to the rights of the owners.

The appellant, however, insists, that the appellees are not entitled to the relief they seek, because a Court of Equity has no jurisdiction to grant it, but that the remedy of the appellees, if they have any, is at law; and that if the Court as a Court of Equity has jurisdiction, still the allegations in the bill are defective, and subject to exception, because the complainants, in claiming title to the property in question, have failed to exhibit the judicial authority under which George R. Cinnamond, professing to act as trustee, sold the same to them.

2nd. Because there is no averment that the taxes were not due, or that any other person ever paid them. There are other exceptions designed to show that the averments in the bill are defective. These, with the others, will be hereafter considered.

We shall first consider the question of equity jurisdiction, and upon this we entertain no doubt. The bill in this case, is a bill *quia timet*. The complainants allege that the defendant is vexatiously using his pretended deed and title thereunder against them, not only interfering with their tenants by demanding rent from them, but is throwing a cloud or suspicion over their title. In such case, a Court of Equity may decree that the deed of a party thus acting be cancelled. See 1 *Story's Eq.*, section 694. See also, *Blackwell on Tax Titles*, 482, where it is said: "Should a sale and conveyance take place under the proceedings alleged to be illegal, the owner, because of his possession, could not test

their legality by an action of ejectment." See also, *Holland vs. The Mayor & C. C. of Baltimore,* 11 *Md. Rep.,* 197.

In this case, this Court fully recognized the jurisdiction of Courts of Equity, because it will prevent a multiplicity of suits. and will not allow a title otherwise clear to be clouded by a claim which cannot be enforced either at law or in equity. In the case at bar, the appellees could not resort to an action at law, because they have not been dispossessed. The conclusions arrived at in the case of *Holland vs. The Mayor & C. C.,* and the authorities there cited, are conclusive on this point.

The objection of a want of averment, that the taxes were not due, or that any person had paid them, has no force. On the contrary, the fact that the taxes were due and unpaid, formed a part of the appellant's proof, upon which he must rely to establish his title. Though there is no special prayer in the bill for a cancellation of the appellant's deed, we think the Court below had authority to extend that relief under the general prayer for relief.

The objection that the appellees have not exhibited the authority under which Cinnamond, as trustee, sold the property, is not tenable. It was a judicial sale, and the power to sell being recited in the deed given to the appellees, the maxim *"id certum est, quod certum reddi potest,"* is applicable, as is also the maxim, *"omnia rite praesumuntur."*

We will sign a decree affirming the decree of the Circuit Court, with costs to the appellees.

*Decree affirmed.*

(Decided June 27th, 1866.)