# THE STATE OF MARYLAND *vs.* ERNEST CHANEY.

*Bastardy Proceedings— Transmission of Affidavit Charging Defendant to Justice of the Peace in Another County.*

In a proceeding before a Justice of the Peace against the putative father of an illegitimate child, Code, Art. 12, sec. 3, provides that if the father be a resident of another county, the Justice shall transmit, under his hand and seal, a copy of the proceedings to a Justice of the Peace of the county in which such father shall reside, who shall proceed against the father as directed by the Act. In this case the original affidavit of the mother, and not a copy, was transmitted to a Justice of the Peace, in another county where the defendant resided and where he was tried. *Held*, that such original affidavit was not admissible in evidence since the provisions of the statute had not been complied with.

Appeal from the Circuit Court for Frederick County (Mc-Sherry, C. J., and Motter, J.)

The cause was argued before Fowler, Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*Glenn H. Worthington, State's Attorney for Frederick County,* (with whom was *Isidor Rayner, Attorney-General,* on the brief ), for the appellant.

No appearance for the appellee.

Schmucker, J., delivered the opinion of the Court.

The appellee was indicted by the grand jury of Frederick County, where he resided, for bastardy. The mother and the child resided in Carroll County. She voluntarily appeared before F. · I. Lewis, a magistrate of Carroll County, and charged the appellee under oath with being the father of her child.

Lewis transmitted to John Wood, a Justice of the Peace of Frederick County, the original affidavit of the mother made before him instead of a copy of the proceedings in the case

had before him certified under his hand and seal as required by section 3 of Art. 12 of the Code. Wood had the appellee arrested and held him to bail for the action of the grand jury of Frederick County, by whom he was presented and indicted.

The appellee first demurred to the indictment and his demurrer having been overruled he filed five pleas to the jurisdiction. The State traversed the second plea and demurred to the other four. The Court sustained the demurrer to the first and fourth pleas and overruled it to the third and fifth.

The second plea averred that there was no complaint made by the mother before a Justice of the Peace of Carroll County and transmitted under his seal to the justice of Frederick County who issued the warrant for the arrest of the traverser.

The third plea averred that the complaint made by the mother against the traverser in Carroll County and transmitted to the Justice of the Peace of Frederick County, contained no certificate that the party before whom it was made was a Justice of the Peace.

The fifth plea set up the failure of the Justice of the Peace of Carroll County, before whom the mother made the complaint, to transmit under his hand and seal a copy of the proceedings in such case had to the justice in Frederick County, who issued the warrant for the traverser, as is required by sec. 3 of Art. 12 of the Code.

The case was tried before the Court who found for the State on the third plea and for the traverser on the second and fifth pleas and entered judgment for the traverser who was thereupon discharged and the State appealed.

There is but one bill of exceptions and that is to the Court's action in sustaining the objection of the traverser to the offer in evidence by the State at the trial in the Circuit Court of the original affidavit made by the mother before F. I. Lewis, the Justice of the Peace for Carroll County, and by him transmitted to the Justice of Frederick County, who ordered the arrest of the traverser and bound him over for the grand jury.

The learned Judge below was clearly right in excluding this evidence. The proceeding against the putative father of an

illegitimate child in this State is founded upon and regulated by the 12th Article of the Code which prescribes the mode of procedure to be followed. The initial steps are taken before the Justice of the Peace and they constitute the basis of the jurisdiction of the Circuit Court which is not original but is "in the nature of a review of the judgment of the Justice before whom alone the proceeding can originate under the Code." The proceeding before the Justice is purely statutory and special and the requirements of the Code in conducting it must be strictly observed. *Root* v. *The State*, 10 G. & J. 376; *Cushwa* v. *The State*, 20 Md. 281; *Huyett* v. *Slick*, 42 Md. 289.

The transmission in the present case to the Justice of the Peace of Frederick County of the affidavit or sworn complaint made by the mother before the Justice in Carroll County, was not a compliance with the provisions of the law and did not authorize the proceedings against the traverser by the Justice in Frederick County which were before the Circuit Court for review. Section 3 of Article 12 of the Code distinctly provides that in cases like this the Justice before whom the complaint of the mother is made "shall transmit under his hand and seal a copy of the proceedings in such case had to a Justice of the Peace of the county in which such father shall reside" and upon the receipt of the copy the Justice to whom it has been sent is authorized to proceed against the putative father.

The mother made no complaint or oath before the Justice in Frederick County, charging the traverser with being the father of her child, and without such oath made before him or the receipt of a copy of such charge from a Justice of some other county in the manner prescribed by the statute, he was without jurisdiction to order the arrest of the traverser or entertain any proceedings against him relative to the parentage of the child. It is obvious therefore that the original affidavit of the mother made before the Justice in Carroll County was inadmissible in the Court below to sustain the proceedings before the Justice in Frederick County against the traverser.

The provisions of sec. 3 of Art. 12 of the Code, requiring the Justice before whom the oath of the mother is made, to transmit a copy of his proceedings in that connection, instead of the original affidavit, to the Justice of the county of the residence of the reputed father, is in harmony with the provisions of Article 52 which requires every Justice of the Peace to keep a docket of his proceedings in all cases in which he shall act in virtue of his office, and upon vacating his office to deliver to the Clerk of the Circuit Court for his county his docket and official papers. It is the policy of the law that the original papers relating to the proceedings before each tribunal, even that of a Justice of the Peace, should be kept together and with its dockets and records where there are records, should constitute its archives. The judgment appealed from will be affirmed with costs.

*Judgment affirmed.*