# FRANK L. HEWITT *vs.* ESTELLA PARSLEY ET AL.

### *Tax Sales—Unmarketable Title.*

The Act of 1896, ch. 310, relating to assessments for taxation in the town of Takoma, provides that in cases of non-payment of taxes a sale of the assessed property shall be made; that the Treasurer shall deliver to the purchaser a certificate that the purchase-money and costs have been paid, and that the Mayor of the town shall execute a deed conveying the property if not redeemed within one year from the day of sale. The Act makes no provision for a ratification of the sale by the Circuit Court or by any other tribunal. *Held,* that a party will not be compelled to accept a title to land derived from a tax sale under this statute, since, in the absence of a judicial ratification of the sale after notice, the deed of the Mayor does not establish a *prima facie* title in the purchaser, but it would be necessary for a party claiming under such deed to show by independent evidence that all the proceedings under which the sale was made were in substantial conformity with the statute.

Appeal from the Circuit Court for Montgomery County (J. B. HENDERSON, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Edward C. Peter*, for the appellant.

*Chas. W. Prettyman* (with whom was *H. W. Talbott* on the brief), for the appellees.

PAGE, J., delivered the opinion of the Court.

The bill in this case was filed by the appellee to compel ·he appellant to specifically perform a contract for the purchase of a certain lot in Takoma Park.    The appellant refused to do so, because he avers, the appellee cannot convey a good title. The agreed statement of facts, shows, that the lot in question was owned in 1890 by Ellen J. Foot.    That in June, 1898, the Town Council of Takoma Park, a municipal corporation created by the Act of 1896, ch. 310, by ordinance levied taxes for the year ending July 1, 1898, that the said lot was assess d in the name of Ellen Foot to pay taxes amounting to $1.41 and subsequently the said taxes not having been paid the lot was sold in accordance with the requirements of said Act, to one Parsley, who received from the Treasurer of the town a certificate of purchase, which was delivered by him to a certain Ray, and by him to Estella Parsley; and that the appellees have no other title than such as Estella has acquired by virtue of said tax sale and the deed from the town of Takoma Park.

The appellant contends that so much of the Act of 1896, ch. 310, relating to the assessment and sale of real estate for taxes is unconstitutional, for the following reasons:

First.  The Act fails to provide for any reasonable notice to the property owner, at any state of the proceeding, by which it is proposed to divest him of his property, and second, in that the mode and manner of the sale provided by the Act, is of such a character as practically to amount to a taking of the property of one without due process of law and giving it to another.

These specific objections it will not be necessary to consider, in the view the Court takes of the case.

The bill was filed by the appellees for the specific performance of a contract of sale of certain real property.    The title of the appellees is derived from a sale for taxes, made in accordance with the provisions of the Act of Assembly already mentioned.    The taxes for the non-payment of which the property was sold, were levied upon a lot assessed to one Ellen J. Foot, as her property, and sold as such.

There is no provision in the Act, requiring that sales made by the Collector for the non-payment of taxes, to be reported to and confirmed by the Circuit Court or other tribunal or person having authority to hear objections to the sale and confirm or reject it; and no such report was in fact ever made. The Act requires no more to be done, than that, after the sale is made and the taxes, penalties and costs have been paid, the Treasurer shall sign and deliver to the purchaser a certificate of purchase, and the Mayor to give a deed unless the property shall be redeemed within one year from the day of sale. The entire title which the appellee can deliver therefore, is that to be conferred by the certificate of the Treasurer and the deed of the Mayor; and there is no record of the proceedings of the tax sale, except such as may be contained in this deed.

Is the appellee, under these circumstances, in a position to convey to the appellant, such a title as a Court of equity should compel the appellant to accept?

It is clear that neither the certificate, nor the deed are sufficient, as against a person otherwise holding a good title, to maintain a fee-simple title. To do that successfully it would be requisite for the party claiming under the Collector, to show affirmatively *aliunde* the contents of these papers, that all the proceedings of the Collector were regular and in substantial conformity to the statute under which the sale was made. In *Polk* v. *Rose*, 25 Md. 160, it was said in reference to such sales, that "every act, the performance of which is made a condition precedent to the validity of the acts," of the officers, must be shown affirmatively; and "the recitals in a tax deed, are not evidence against the owner of the property, but the facts must be established by proof *aliunde*." Had the Act of Assembly provided for a ratification of the sale, and some competent tribunal, after proper procedure, had after proper proceedings confirmed it, the purchaser would have been relieved of the "*onus* of proving in the first instance the regularity of the proceedings," such a confirmation would establish for the purchaser a *prima facie* case;" but would leave it open for the party in possession "to offer proof of the irregularity of the

proceedings of the Collector, and to assail the title of the purchaser by proving that the provisions of the law have not been complied with." *Guisebert* v. *Etchison*, 51 Md. 478.

Here there has been no order of ratification and no legal provision for it, and therefore the deed of the Mayor would not present even a *prima facie* title, and the appellee cannot therefore support his title until it is made to appear affirmatively by proof *aliunde* the deed that all the provisions of the statute has been strictly complied with. *Steuart* v. *Meyer*, 54 Md. 454.

To compel the appellant to accept a title of this kind, would subject him to serious risks of loss and inconvenience, presumably not contemplated by the contract of the parties and not within the rule as to "marketable titles," heretofore imposed by the rules and practice of this Court.    In *Gill* v. *Wells*, 59 Md. 492, this Court cited approvingly the following passage from *Dobbs* v. *Norcross*, 24 N. J. Eq. 327: "Every purchaser of land has a right to demand a title which shall put him in all reasonable security, and which shall protect him from anxiety, lest annoying, if not successful suits, be brought against him, and probably take from him or his representatives land upon which money was invested. He should have a title which shall enable him not only to hold his land, but to hold it in peace; and if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its marketable value."

The learned Judge below in his opinion remarks that "the lot in question 'sold for a very small price,' and that the owner has made no attempt to 'redeem the property or to avoid the sale.'"    In *Polk* v. *Rose, supra,* this Court said at tax sales "it is notorious that the amount paid by purchasers is uniformly trifling in comparison with the value of the property sold." Under these circumstances it is not unreasonable for the appellant to apprehend that were he compelled to accept this lot, he might find himself unable to hold it in peace, or, if he so desired to secure a purchaser to take it off his hands.

For these reasons the decree will be reversed and the bill dismissed.

> *Decree reversed and bill dismissed, the*
> *appellee to pay the costs.*

(Decided April 20th, 1905.)