# GEORGE W. RICHARDSON, JR., *vs.* ROBERT L. SIMPSON.

*Tax Sales—Notice by Public Advertisement—Insufficient Description of the Property.*

Under Code, Art. 81, sec. 52, the ratification by the Circuit Court of a tax collector's sale is only *prima facie* evidence of the regularity of the antecedent proceedings, and the validity of the sale still depends upon there having been a substantial compliance with the essential requirements of the statute.

The objects of the law in requiring notice of tax sales to be given by public advertisement are, first, to apprise the owner that a proceeding is pending which will divest him of his property unless arrested by payment of the tax; and secondly, to inform the public what particular property is to be offered for sale. If either of these objects is defeated by the form of the advertisement, the proceeding is irregular and the sale voidable.

The advertisement in this case described the property to be sold for unpaid taxes as a tract of land called "Three Brothers," containing 64 acres, more or less, assessed to M. L. H., and referred to a certain deed of record. This deed described Three Brothers as a tract containing 103 acres. M. L. H. had not owned the land for ten years prior to the sale, but had conveyed it in lots to different parties. The owner did not know of the sale until after the time allowed for redemption had elapsed. The property was sold for $35 and was worth $3,500. *Held*, that the description in the advertisement was misleading and insufficient, and the sale made thereunder should be set aside.

Appeal from a decree of the Circuit Court for Prince George's County (BROOKE, J.), cancelling a deed from J. T. Perkins, tax collector, to the appellant, dated May 29, 1893, which conveyed certain land sold to the appellant at a tax sale. The sale was made under the Act of 1890, chap. 137. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER and BRISCOE, JJ.

*Joseph T. Wilson* (with whom was *C. C. Magruder* on the brief), for the appellant.

The appellant contends: 1. Ratification of a tax sale is *prima facie* proof of its validity and the plaintiff has to show affirmatively the law has not been complied with. *Code,* Art. 87, sec. 52; *Guisebert* v. *Etchison,* 51 Md. 478; *Cooper* v. *Holmes,* 71 Md. 26.

2. The treasurer was right in advertising the property in the name of M. L. Howser, the person to whom it was assessed. It was on the assessment books for the year 1890, in the name of Howser, and not having been purchased by Simpson until December, 1890, it could not have been transferred to the assessment books in his name until 1891, and was properly advertised in the name of Howser, as the Act of 1890, chap. 137, sec. 116 B, provides that property shall be advertised and sold in the name of the person or persons assessed. In *Cooper* v. *Holmes,* 71 Md. 30, the Court says, "there is nothing in our general tax system which compells the collector to examine what title a party has to land with which he is assessed. The assessments are made by other officers, and he is not required to review or to verify their proceedings before making a sale." In *County Commissioners of Frederick* v. *Clagett,* 31 Md. 210, the Court held that the failure by the Clerk of the Court to send to the County Commissioners the annual list of transfers as directed by the Code, did not relieve the grantor, who failed to have certain property transferred, from the obligation to pay the taxes as long as the property remained on the assessment books in his name.

3. There was no defect in the advertisement itself which could invalidate the sale. The Act of 1890, chap. 137, sec. 116 B, directs the treasurer, on the second Monday in January of each year, to publish a list of all taxes in default, which list shall contain the name of the person assessed, a brief description of the property by district of location, its descriptive name of identification, the liber and folio of the County Land Record, wherein is recorded con-

veyance thereof to the person or persons assessed.    In this case it is admitted the property was advertised as directed by the statute, and while it is true the deed referred to in the advertisement described a piece of property known as "Three Brothers," containing 103 acres, it was the deed conveying title to. the person assessed, and furnished the information necessary to enable a purchaser to investigate the title.    In the case of *Cooper* v. *Holmes,* the Court held that giving the name of the property, the name of the person to whom assessed and the election district in which it is located, is sufficient notice of a tax sale.  (71 Md. 29.)

4. The Act of 1890,. after directing how land upon which taxes are due shall be advertised, directs the treasurer " to proceed to offer each and every the said parcels of land for sale to the highest bidder for cash."    This means that the treasurer must sell each tract as a whole.

*J. J. Johnson* and *E. Dent* (with whom was *Marion Duckett* on the brief), for the appellee.

McSHERRY, J. delivered the opinion of the Court.

A tract of land called " Three Brothers," and containing one hundred and three acres, lying in Prince George's County, was conveyed by Samuel T. Suit and others to Milton L. Howser, in March, 1879, and four days afterwards was reconveyed by Howser to Suit by way of mortgage to secure the payment of twenty-two hundred and fifty dollars.    Howser caused the tract to be surveyed and subdivided into six lots, and had the survey and plat recorded in 1880 among the Land Records of the county. Lots one, two and three appear to have been conveyed to Ellen E. Bruce and were transferred to her on the assessment books of the county.    The title to the residue of " Three Brothers " by some means not clearly disclosed in the record, was again acquired by Suit, who afterwards died. In March, 1890, twenty-five acres of this residue were conveyed by Suit's executrix to one Werck for the sum of

eight hundred and seventy-five dollars, and in December following the remainder, comprising about thirty-eight and a half acres, was conveyed by Suit's executrix to the appellee, Simpson, for the consideration of thirteen hundred and thirty dollars. The whole tract of one hundred and three acres was assessed in the name of Howser, and stood thus long after he had ceased to own any part of it. In May, 1891, to enforce the payment of the taxes for 1890, which amounted to *eight dollars and seventy-three cents*, and which were then due and in arrear, subdivisions four, five and six, belonging under the conveyances mentioned above, to Werck and Simpson, and aggregating about sixty-three acres, were sold by the tax collector after he had first advertised the sale for the period of the time prescribed by law. In the advertisement the collector described the land as follows: " M. L. Howser, a tract of land called the Three Brothers, containing sixty-four and eighteen one hundredth acres, more or less ; for further description see deed recorded in Liber A. T. B., No. 1, folio 154. State and county taxes for year 1890, $8.73." At the tax sale the sixty-three or four acres were purchased by the appellant, Richardson, for the sum of *thirty-five dollars*, or a fraction over fifty-five cents an acre. Simpson unquestionably never knew of this sale until after the expiration of the time allowed for a redemption of the property, nor until after Richardson had received a deed for the land from the collector. Simpson then offered to redeem the land and to repay the purchaser all his outlay with the penalty fixed by the statute added, and whatever after imposed taxes Richardson had paid ; but the latter refused to surrender his claim to the property under the collector's deed unless upon the payment of a considerable sum of money. Thereupon a bill was filed by Simpson in the Circuit Court for Prince George's County against Richardson, alleging that the tax sale was irregular and void, and praying that the tax collector's deed might be cancelled and set aside. Richardson answered ; testimony was taken, and the Court below passed a decree grant-

ing the relief prayed. From that decree this appeal has been taken.

There are several alleged irregularities relied on to defeat the sale attacked in this proceeding; but as one of these presents a fatal objection, it will not be necessary to consider or discuss the others.

Under the provisions of sec. 52, Art. 81 of the Code, the final ratification of a tax collector's sale by the Circuit Court is *prima facie* evidence of the regularity of the antecedent proceedings, but it has no greater or other efficacy. It seems merely to relieve the purchaser of the *onus* of proof, and to cast the burden of showing the illegality of the proceedings upon the party resisting the sale. Until such proof is offered by the assailing party, the sale, if ratified and confirmed, stands good and effective, by operation of the statute. *Guisebert* v. *Etchison,* 51 Md. 478; *Stewart* v. *Meyer et al.,* 54 Md. 454; *Holmes* v. *Cooper,* 71 Md. 26. Whilst the burden of proof is thus shifted, still the validity of the sale depends on there having been a substantial compliance on the part of the collector, with all the essential requirements of the statute. This is in no manner dispensed with. With the burden thus cast upon him, the appellee, who is owner of the property which was sold as the property of some one else, insists and in the Court below successfully maintained, that there was no sufficient description of the property given by the collector in the advertisement of sale, to gratify the reqirements of the law. He claims that the advertisement was vague, misleading and indefinite, and that it failed to designate the property intended to be sold, with an accuracy or certainty that identified it. If this contention be well founded, then the decree appealed from was right and must be affirmed.

It cannot be seriously doubted that under a summary proceeding where a special power has been executed and the land of one person has been levied upon and sold to pay taxes assessed against another, the failure of the officer to give a proper notice of the sale, or his omission to advertise a sufficient description of the property intended to be

sold, will deprive him of authority and jurisdiction to pro-
ceed at all, and will invalidate the deed which he subse-
quently makes, even though the sale may have been ratified
by the Court.    And especially is this true if the insufficient
or indefinite description has arisen from, or can be traced to
the neglect of public officials, whose duty it is to properly
keep the records of persons chargeable with taxes and to
levy the tax accordingly.    The chief, if not the only, objects
in giving notice of tax sales by public advertisement are,
*first*, to apprise the owner of property intended to be sold
that a proceeding is pending which, unless arrested by the
payment of the tax, will divest him of his property; and
*secondly*, to apprise persons desirous of purchasing, so they
may know the particular property to be sold.    If both, or
if either, of these objects be defeated by the form of the
advertisement or by the description which it gives of the
property, then, obviously, the designs of the law in requir-
ing public notice to be given have not been subserved—the
proceeding is irregular—and the sale, if made, will be void.
*Ronkendorff* v. *Taylor's Lessee*, 4 Peters, 362 ; *Cooley on
Taxation*, 284.    An erroneous published description which
is calculated to mislead is insufficient to constitute notice.
*Knight* v. *Alexander*, 38 Minn. 384.    The designation of
the land will be sufficient if it afford the means of identifi-
cation and do not positively mislead the owner.    *Woodside* v.
*Wilson*, 32 Pa. St. 52, or be calculated to mislead him.
*Curtis* v. *Supervisors of Brown Co.*, 22 Wis. 167.    Where
the description is *part* of a lot without showing how much
or giving boundaries, it will be insufficient.    *Detroit Young
Men's So.* v. *Detroit*, 3 Mich. 172 ; *Massie* v. *Long*, 2 Ohio,
287.    See also *People* v. *Cone*, 48 Cal. 427.

Now, we have seen that the advertisement purported to
offer for sale a tract of land ostensibly owned by M. L.
Howser, and containing sixty-four and eighteen one-hun-
dreth acres, called "Three Brothers," which, the advertise-
ment stated, was described in a deed recorded in Liber A.
T. B., No. 1, folio 154.    To this deed, whose contents are

by reference distinctly incorporated in the advertisement as containing a correct description of the land proposed to be sold, recourse must be had to ascertain what particular property was intended to be sold. By referring to that deed the collector incorporated its description of the land in his published notice. But that deed, when inspected, discloses the fact that "Three Brothers" is a tract of land containing one hundred and three acres, and not sixty-four and eighteen one-hundredths acres. Is the tract which was advertised a totally different tract of the same name, but erroneously supposed to be conveyed by the deed referred to? Or, is it a part of the one hundred and three acres tract described in the deed alluded to in the advertisement? The advertisement does not disclose. But if it be conceded that the sixty-four acres are a part of the one hundred and three acres, still there is a manifest uncertainty as to *which* sixty-four acres of the whole one hundred and three were intended to be sold. By the successive exclusion of each one of the sixty-four acres and the inclusion once, or oftener, of some one of the remaining thirty-nine acres, it is possible that sixty-four different locations could be made, though all of them would of necessity include some part of each separate division. But this is not all, for by other methods of subdivision, the whole or fractional parts of the remaining thirty-nine acres might be included in sixty-four acres and yet no one division might contain the precise sixty-four acres intended to be sold. As we have said, Werck owned twenty-five acres, and Simpson thirty-eight, aggregating sixty-three acres, and it was entirely possible that the sixty-four acres advertised included the thirty-nine acres, or a part of the thirty-nine acres owned by Bruce, and no part of the thirty-eight acres owned by Simpson. In other words, taking the whole advertisement together, including the reference to Howser's deed, it was impossible to determine *from that advertisement* what precise sixty-four acres were meant. The published description fit the thirty-nine acres owned by Bruce plus the twenty-five acres owned by Werck

quite as well as it fit the thirty-eight acres owned by Simp-
son plus the twenty-five owned by Werck.    It was impos-
sible for Simpson, the appellee, to know from the descrip-
tion that *his* thirty-eight acres were included, and it was
equally impossible for a purshaser to know what particular
sixty-four acres he was buying.    Upon the same ground
the following description, "60 acres, part of the north-half
section 13," was held to be too vague and uncertain.    The
Court there said "which sixty acres? is an inquiry naturally
to be made."    *Trevor* v. *Emerick,* 6 Ohio, 391.    And so a
description of "two-thirds of block four in Bass' out lots"
was held bad for uncertainty.    It was not a description of
any particular parcel of land.    *Bidwell* v. *Coleman,* 11 Minn.
78 ; see also, *Hunt* v. *State,* 48 N. J. L. 613 ; *Murphy* v.
*Hall,* 68 Wis. 202 ; *Martin* v. *New Orleans,* 30 La. An. 293 ;
*Whitmore* v. *Leonard,* 70 Me. 276 ; *Pickering* v. *Lomax,* 120
Ill. 289 ; *Power* v. *Bowdle,* 21 L. R. A. 328; 3 N. D. 107.

There was not only an uncertainty in the description of
the land offered for sale, but the uncertainty arose from the
tax official's own neglect.    In point of fact, Howser had
not owned the land or any part of it for ten years prior to
the sale.    By the 8th section of Art. 81 of the Code it is
made the duty of the Clerks of the several Circuit Courts to
transmit annually to the County Commissioners a list of all
alienations of property recorded in their respective offices.
From the testimony in the record we conclude this was
regularly done by the Clerk of the Circuit Court for Prince
George's County.    Whilst, as decided by this Court in
*Co. Com.* v. *Clagett,* 31 Md. 210, a failure to comply by the
Clerk with this duty did not relieve an alienor of property
from the obligation to make personal application to the
County Commissioners for a transfer from himself to his
alienee, but left the alienor liable to be sued in assumpsit
for all taxes levied against him with respect to the property
standing in his name though no longer owned by him ; still
the list so furnished to the County Commissioners of Prince
George's County gave to them and to the collector informa-

tion that Howser was no longer the owner of the " Three Brothers," and that the whole tract had been subdivided and was, in fact, owned by three different individuals.   If, as a result of their failure to note these alienations and changes of ownership, the property was subsequently advertised in such a way as to mislead the real owner, the strongest possible equity against upholding the sale is presented.   It seems to us that a Court of Equity ought not to permit a sale to stand which has been so defectively advertised as this one was, and which, as a consequence of the vague notice, resulted in stripping the appellee of his property at about the one-hundredth of its real value to satisfy taxes apparently due by some one else.   That a sale of property for thirty-five dollars, when, according to the undisputed evidence, it was worth thirty-five hundred dollars or more, should be upheld in the face of the objection we have been considering is too obviously unjust and unconsionable a proposition to be entertained for a moment.

There is nothing in what we have said at all in conflict with the decision by this Court of *Holmes* v. *Cooper*, 71 Md. 20.   There the description was held sufficient, because there was nothing on the face of it, as in the case at bar, to render it vague or uncertain.

Agreeing as we do with the Circuit Court, its decree will be affirmed with costs.

*Decree affirmed with costs in this Court.*

(Decided December 6th, 1895.)