(Decided June 28th, 1898).

## HARRY M. BENZINGER, Administrator, Etc., *vs.* FRANK GIES and MARY K. GIES.

### *Tax Sale—Defective Notice.*

Code, Art. 81, sec. 49, provides that before property shall be sold for unpaid taxes the collector shall first leave with the party by whom the taxes are to be paid or at his usual place of abode, if a resident of the county or city, etc., a statement of the tax and a notice that unless the taxes so due are paid within thirty days they will be collected by way of execution. The Act of 1890, ch. 205, provides that when taxes in Baltimore City are unpaid for any year the collector shall, after January 1st of the next year, cause a copy of the bill to be made out and delivered to the party owing the same, or his agent, or left at his residence or upon the premises, with a notice that unless the taxes so due shall be paid within thirty days, five per cent. will be added to be collected in the same manner as the bill.

In this case property situated on H. street and formerly owned by M. A. M. was sold by the collector for taxes due in 1889 and 1891. The report of the collector stated that notices of the bill and execution "were delivered to M. A. M. at her residence" on L. street. M. A. M. had died in 1881. *Held,* that the requirements of the statute as to notice had not been complied with and that the sale was void.

Appeal from the Baltimore City Court (PHELPS, J.) At the trial the plaintiff's first prayer, after a statement of the title, instructed the jury that if they found that said Mary A. Myers was, and remained in possession of said property until the time of her death, and that she died on March

19th or 20th, 1881, leaving her said husband, John H. Myers, surviving her, and also leaving a last will and testament, and that said will was probated in the Orphans' Court of Baltimore City, and that said John H. Myers, her said husband, is one of the legatees named in said will, that then if the jury find all these facts, and that letters of administration with the will annexed, were granted by the Orphans' Court of Baltimore City to Harry M. Benzinger, the plaintiff in this case, and that said administrator took possession of said property and continued in possession of the same by his tenants or in person, until June 30, 1882, when by his first administration account, filed in said Orphans' Court, and passed by said Court, he delivered and transferred said property to said John H. Myers, as legatee, subject to the conditions and provisions of the will of said Mary A. Myers, and that said John H. Myers died on the 30th day of May, 1896, then the plaintiff is entitled to recover said property in this case, and the verdict of the jury must be for plaintiff for the property described in the declaration, even though the jury should also find that Lewis N. Hopkins, Collector of the City of Baltimore, did, by deed dated March 30, 1893, convey said property subject to the annual rent of $30 thereon to the defendants in this case, because said deed and proceedings in the Circuit Court of Baltimore City, in matter of the tax sale of Lot No. 1372, upon which said deed is founded, and which were offered in evidence in this case, are irregular and void by reason of the failure of said City Collector to deliver the tax bills for the years of 1889 and 1890 to said Mary A. Myers, with the several notices required by law thereon, as stated by him in his report of sale made to and filed in said Circuit Court.    (Rejected).

*Plaintiff's Prayer 1 1-2.*—If the jury shall find that Mary A. Myers died on March 19 or 20, 1881, and that John H. Myers, her husband, died on May 30, 1896, that then under the uncontroverted documentary evidence in this case, the verdict of the jury must be for the plaintiff for

the property mentioned in the declaration filed in this case. (Rejected).

*Plaintiff's 2nd Prayer.*—That under the pleadings and evidence in this case, the plaintiff had shown such a title and right of possession to the property described in the declaration as entitles him to recover in this case and that their verdict must be for the plaintiff.    (Rejected).

*Plaintiff's 6th Prayer.*—The plaintiff prays the Court to rule out the evidence of the tax proceedings in matter of tax sale Lot No. 1372, in the Circuit Court of Baltimore City, admitted subject to exception, because the same are irregular and invalid and cannot operate to divest the title of the plaintiff in this case, and also to rule out the Collector's deed of the property in controversy to Frank Gies and Mary K. Gies, his wife, admitted subject to exception, because the same was made in pursuance of the tax sale in said proceedings in the matter of tax sale of Lot No. 1372. (Rejected).    ·

The Court instructed the jury that the plaintiff had not shown any title or right of possession to the property described in the declaration (being a lot beginning on the south side of Hollins'street, 18 feet easterly from the S. E. corner of Hollins and Carey streets and running thence easterly 12 feet, etc).

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, BOYD and PEARCE, JJ. (April 28, 1898).

*Harry M. Benzinger* (with whom was *J. S. Calwell* on the brief), for the appellant.    The Court declined to hear *Frederick C. Cook*, also for the appellant.

*John G. Mitchell* and *Olin Bryan* (with whom was *Alfred J. Carr* on the brief), for the appellees.        ·

BRISCOE, J., delivered the opinion of the Court.

This is an action of ejectment brought by the appellant, Harry M.. Benzinger, administrator *c. t. a.* of Mary A.

Myers, to recover certain leasehold property situated in Baltimore City, and now in the possession of the appellee. The defendants assert title under a deed dated the 30th day of March, 1893, from Lewis N. Hopkins, Collector of Taxes of the city of Baltimore, made in pursuance of a sale of the property for taxes, due and in arrear for the years 1889 and 1890. The deed and the tax sale proceedings are attacked by the appellant, and the questions here involved turn upon the deed and the sufficiency of this sale.

There are two grounds of objection relied upon by the appellant to the validity of the deed, and the tax sale ; *first*, because the Collector failed to give a legally sufficient notice of the sale, and *secondly*, because the description of the property given by the Collector in the advertisement of sale was defective, and was not according to the requirements of law, in that it failed to designate the property to be sold, with such certainty as identified it. If these objections are well taken they are fatal to the appellees' case, and it will not be necessary for us to consider the other questions raised by the record. It has been too often decided by this Court to need but a passing notice, that the validity of tax sales depends on a substantial compliance on the part of the Collector with all the essential requirements of the statute. The notice required by the statute is jurisdictional. *Baumgardner* v. *Fowler*, 82 Md. 631. The power thus conferred being a special one, it must be executed in the manner directed by the statute. In the recent case of *Richardson* v. *Simpson*, 82 Md. 159, it is distinctly said, the failure of the officer to give a proper notice of the sale, or his omission to advertise a sufficient description of the property intended to be sold, will deprive him of authority and jurisdiction to proceed at all, and will invalidate the deed which he subsequently makes even though the sale may have been ratified by the Court.

Now, in the case before us, the report of the Collector states, that thirty days prior to the proceedings bills setting

forth the amount of taxes due on the said property "and specifying the year or years for which such taxes were due, were delivered to Mary A. Myers at her residence, 1703 Lemon alley, in the city of Baltimore, the owner of such property ; that upon each of such bills so delivered was printed a notice as follows:   Notice printed on the tax bill for 1889.   'If this bill is not paid within thirty days from delivery payment thereof will be enforced by distraint or execution.' "   *Code*, Art. 81, sec. 49.

"And notice printed on the tax bill for 1890.   'If this bill is not paid within thirty days from delivery, a penalty of five per cent. of the gross amount will be added thereto and payment enforced according to law.' "   Acts of 1890, chapter 205.

It appears from the record and is not controverted by the appellee, that Mrs. Mary A. Myers died in the year 1881, so that notice for taxes due for the years 1889 and 1890 could not have been delivered to her at her residence, in the manner stated in the Collector's report.   No other notice is alleged to have been given.   The statute prescribes the several and the specific modes by which notice is to be given by the Collector of Taxes in Baltimore City, before he proceeds to collect the same by way of sale and execution.   He is required to deliver a copy of each tax bill to the person by whom such taxes are to be paid or one them, if more than one, or at his, her or their last known residence, or to his, her or their agent, or left upon the premises with a notice thereon, that unless the taxes so due are paid within thirty days thereafter, five per cent. of the gross amount thereof will be added to the bill, and at the expiration of thirty days, from the delivery of such bills, and notice, if the same be not paid, five per cent. of the gross amount shall be added to the bill as a penalty and collected in the same manner as the bill itself.   Act of 1890, chap. 205.

It is quite clear, we think, that neither the requirements of the statute as prescribed by the Code, Art. 81, sec. 49,

nor by the Acts of 1890, chap. 205, as to preliminary notice were complied with by the Collector. This being so it is fatal to the appellee's case, and it becomes unnecessary for us to consider the other questions raised by the record. It therefore follows there was error in granting the prayer which directed a verdict for the defendant under the pleadings and evidence in the case. There was also error in refusing the plaintiff's first, second and sixth prayers, which contained the law of the case.

The plaintiff's third, fourth and fifth prayers relate to the admissibility of evidence, and in the view we have taken of the case need not be considered by us.

For these reasons the judgment will be reversed, and pursuant to sec. 14, Art. 5 of the Code, a judgment will be entered for the plaintiff for the property described in the declaration, with one cent damages and the costs of this suit in this Court and the Court below.

> *Judgment reversed and judgment under sec. 14, Art. 5, of the Code.*

(Decided June 28th, 1898).