## WILLIAM GRIFFITH *v.* JAMES LYNCH

[No. 13, April Term, 1943.]

*Decided April 29, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*J. Dudley Digges,* with whom were *George B. Merrick* and *Sasscer & Digges* on the brief, for the appellant.

*T. Hammond Welsh, Jr.*, for the appellee.

ADAMS, J., delivered the opinion of the Court.

By deed dated March 17, 1933, and recorded among the Land Records of Prince George's County in Liber 391 folio 473, appellee James Lynch (plaintiff below) acquired title to lots 505 and 507 in Cedar Heights in said county. The two lots are improved by a dwelling house, of the dimensions twenty-four feet by twenty-four feet, of which nine feet by twenty-four feet is situated on Lot 505, and fifteen feet by twenty-four feet on Lot 507. Each of said lots fronts twenty-five feet on Spring Street.

Taxes on the said property were paid currently, including the year 1937, but the taxes for the year 1938 were not paid. At that time Lot 505 was separately assessed at $50, and Lot 507 was also separately assessed, the assessment being $50 for land, and $700 for the improvements thereto, which were described as a four-room, stove heat, 20x24 building.

In the spring of 1939 the property was advertised for sale on account of non-payment of 1938 taxes, the notice and advertisement being in the following form:

"Lynch, James—Lots 505, 507 and imp., Cedar Heights. Liber 391 folio 473. Taxes, interest, penalties and costs.................. $17.14."

At the sale held on the first Monday in March, 1939, the property was sold to the county commissioners for the sum due, to wit, $17.14, because there was no outside bid. The owner of the property had two years from the date of said sale to redeem the property. Code of P. L. L., 1930, Art. 17, Sec. 353.

The property not having been redeemed by the owner, it was advertised for "Final Tax Sale" to be sold on Monday, September 15, 1941, two and one-half years after the first sale; the amount of taxes, interest, penalty and costs then due, being $77.49. The assessment of each lot had been increased from $50 to $75, but there was no change in the assessment of the improvements.

At the sale of September 15, 1941, the property was sold as an entirety and was purchased by the appellant William Griffith (defendant below) for $120. A deed to the property was executed by the county commissioners to the purchaser, dated September 16, 1941, and was recorded among the Land Records of Prince George's County in Liber 620 folio 282.

The first sale, made the first Monday of March, 1939, was reported by the county treasurer to the Circuit Court for Prince George's County, in equity, on March 31, 1939, and the report recited that a list of all taxes on real estate for year 1938, remaining unpaid, was published for four consecutive weeks before the first Monday in March, 1939, in three newspapers published in Prince George's County, said list containing the names of the owner of each piece of property, the location of the same by district, *the quantity of land it contains* (italics added), and other matters, and a notice that if the said taxes and interest, penalties and costs were not paid before the first Monday of March, 1939, the property would then be sold. The treasurer reported that sale was made in conformity with the published notice and as to the property in question reported as follows:

"Lynch, James—Lots 505, 507 and imp., Cedar Heights. Liber 391 folio 473. Taxes, interest, penalties and costs.................. $17.14."

"I hereby certify that I have this day sold to the County Commissioners for Prince George's County, the property described in the annexed advertisement, at and for the sum of $17.14, being the amount of taxes, interest and costs due on said property. No other bid having been received therefor equivalent to said sum."

On March 5, 1941, the clerk of court certified that no exceptions had been filed to the ratification of any of the sales reported and on the same day the court, reciting that the time for filing exceptions had fully elapsed (the time ending the first Monday of May, 1939), ordered

that each and every sale embraced in the report be finally ratified and confirmed.

On November 25, 1941, appellee James Lynch filed his bill of complaint in the Circuit Court for Prince George's County, in equity, to set aside the tax sale of his property, and to remove the cloud from his title to said property created by the deed dated September 16, 1941, from the county commissioners to William Griffith. An amended bill of complaint was filed April 28, 1942, and after the case was at issue testimony was taken in open court and on September 29, 1942, the court signed a decree declaring the tax sale of the Lynch property null and void, and setting aside and annulling the deed of September 16, 1941, from county commissioners to William Griffith, but requiring the plaintiff Lynch to reimburse William Griffith for all expenditures made by him in the purported purchase of said property, with interest, and to pay the costs of the equity proceeding. From this order appellant noted an appeal.

The assessment of the property in question was erroneous in that it indicated that the improvements were located entirely on Lot 507, whereas in fact the house constituting the improvement was located partially on Lot 505 and partially on Lot 507. The assessment erroneously indicated two separate parcels either of which could be sold independently of the other, and was therefore misleading.

The notice of tax delinquency and of impending sale published by the county treasurer was ambiguous, to wit: "Lots 505, 507 and imp., Cedar Heights" and could have been construed as indicating two separate parcels (which would have been the natural construction by one familiar with the assessment records) or as describing two lots and improvements as a single property.

Considering the advertisement of the tax delinquency list and notice of proposed sale in relation to the requirements of the statute prescribing what the advertisement should contain (Code P. L. L., 1930, Art. 17, Sec. 351),

we find that compliance was as follows: The name of the person appearing upon the assessment book as owner was correctly stated; the location of the property by district was perhaps stated by listing the property under the heading "Seat Pleasant District," but the record is not clear on this point; the quantity of land the property contained was not stated, nor were there other matters of description such as the name of the property and the adjacent property holders; the book and page of the county land records which contain the transfer of the property to the assessed owner was stated as "Liber 391 folio 473," but there was nothing to indicate whether the reference was to the Land Records of Prince George's County or to some other records; the amount of taxes in default was stated and there was notice of the proposed sale on the first Monday in March following.

The record in this case does not indicate that there was a deliberate failure on the part of the property owner to pay the taxes assessed against his property, but indicates that he in good faith believed that the taxes were being currently paid. The record further indicates that his first knowledge of the tax delinquency and sale was received on the Saturday preceding the sale of Monday, September 15, 1941, and that there was little or no opportunity for the owner to protect his interests by paying the taxes and charges due, prior to the conveyance of the roperty to the purchaser which was made the day after the final sale.

The only question presented by the record in this case is whether the tax sale held the first Monday in March, 1939, and the final sale held September 15, 1941, were valid. The answer to this question depends upon the effect of the error in the assessment records and whether the advertisement of delinquency and proposed sale complied with the requirements of the governing statute.

The erroneous assessment standing alone would not be sufficient to render the sale invalid if the advertisement of notice complied with the statute and clearly ad-

vised both the property owner and any person desirous of purchasing the property to be sold what the pertinent facts were. The possible misleading effect of the erroneous assessment when read with the incomplete and ambiguous advertisement of notice makes the erroneous assessment of importance in the instant case.

The case of *Riverdale Presbyterian Church v. Pugh & Co.*, 154 Md. 550, 140 A. 844, is closely analogous to the instant case on the question of the sufficiency of the advertisement of notice. The advertisement in that case was as follows:

"Pugh, Paul B. & Company, Lots 17, 18, block 34, Riverdale. Liber 4, folio 174, taxes, interest, penalties and costs ........................ 10.63."

The property sold for tax delinquency in the Pugh case was in Prince George's County and the court in that case was called upon to construe the same statutory requirements as to notice involved in the instant case. The court said at page 560 of 154 Md., at page 848 of 140 A.: "An examination of the advertisement shows that it failed to state the quantity of land to be sold or the location of the property except that the land was designated as lots '17, 18, block 34, Riverdale, Liber 4, folio 174.' * * * While the advertisement in this case may conceivably have been sufficient to warn the owner of the fact that his property was about to be sold, it was certainly insufficient to inform persons who might desire to bid on it, of its area and location. * * * In our opinion the advertisement failed to comply with the plain and obvious intent of the statute, in that it failed to give such a description of the property as would afford reasonable information of its location to prospective buyers. * * * And, since a proper notice or advertisement of the sale was a jurisdictional requirement * * * it follows that the first proposition submitted by the plaintiff's prayer, based upon the hypothesis that, if the advertisement was in the form stated, the sale was void, was correct."

In the case of *Hickey v. Peck*, 180 Md. 289, 23 A. 2d 711, 717, it was held that a "tax sale is completed when the Treasurer files his report and that the publication of the order *nisi* and the ratification of the sale are part of the ordinary processes of the court. *They are not subject to the same strict rules of construction as are the proceedings prior to making sale.*" (Italics added.)

It is provided by Code of P. L. L., 1930, Art. 17, Sec. 362, that: "All the instructions and directions by law given for the assessing of lands and personal property, the levying and collecting of taxes, and tax sales and conveyances, which are not necessarily jurisdictional, shall be deemed only directory, and no error or informality in the proceedings of any of the officers entrusted with the same, which is not necessarily jurisdictional, shall vitiate or effect any such assessment, tax sale or conveyance."

It has been held in the case of *Riverdale Presbyterian Church v. Pugh & Co., supra,* and other cases, that the notice or advertisement of sale is a jurisdictional requirement and the provisions of Sec. 349 of Art. 17 of Code of P. L. L., as amended by Laws 1933, Chap. 116, Sec. 1, seem to clearly establish this proposition, said statute providing: "The general notice of sale when published, as hereinafter required, *shall have the force of a summons served upon all persons interested* in any land therein advertised, commanding them to appear in such Court on or before the first Monday in June next after the first day of such sale in 1933 and on or before the first Monday in May next after the first day of such sale in each and every year thereafter, to show cause why the sale or sales made and reported under such notice of sale shall not be finally ratified; and *shall vest in said Court full jurisdiction in the premises.*" (Italics added.)

For the validity of the tax sale here in question it is essential that there shall have been substantial compliance with the requirements of the statute as to notice

and advertisement. *Richardson v. Simpson*, 82 Md. 155, 33 A. 457.

In our opinion the decision of the case of *Riverdale Presbyterian Church v. Pugh & Co., supra,* is controlling as to sufficiency of the advertisement of notice in this case, and we find that the notice, coupled with the erroneous assessment, was misleading and not in substantial compliance with Sec. 351 of Art. 17 of the Code of P. L. L. (1930) ; the sale based thereon was accordingly void.

> *For the reasons indicated the decree of the trial court is affirmed, with costs to the appellee.*