Dyer *vs.* Boswell.

(Decided 11th February, 1874.]

---

## THOMAS G. DYER *vs.* WILLIAM BOSWELL.

*Sale of Real estate for State taxes—Art. 81, sec. 51 of the Code—Insufficiency of Notice of Sale of Real estate for State taxes, given by Collector—When a Collector's Sale will be declared Void—What is necessary to support Title to property sold for Taxes.*

Under sec. 51, of Art. 81 of the Code, a collector of State taxes, complying with the provisions of the two preceding sections, may levy upon and sell real estate to satisfy such taxes, whether there be personal property on the premises or not.

The clause in section 51, of Art. 81 of the Code, which requires the collector to comply with the provisions of the two preceding sections, has no reference to that part of section 50 directing the collector to levy upon the personal property; but refers to the other provisions of sections 49 and 50, which prescribe the mode in which preliminary notice shall be given, and the manner in which the levy and sale shall be made.

---

Dyer *vs.* Boswell.

---

A collector of taxes, in his notice of sale, declared that he would proceed to sell a certain tract of land "by authority vested in him by the Commissioners of Tax of Prince George's County, in accordance with the provisions of sections 56 and 59, Article 81, of the Code of Laws." These sections refer only to sales of property for County taxes. In the notice of sale was inserted a statement of the County and State taxes due for 1863. The collector sold the property at the time and place specified. The purchaser instituted an action of ejectment to recover possession. At the trial the sale as for County taxes was abandoned by the plaintiff. HELD:

That the sale could not be supported as one made for State taxes.

Where a collector of taxes sells a tract of land containing a hundred acres, worth from twelve to fifteen hundred dollars, to satisfy the sum of a dollar and twenty-five cents, due for State taxes, without any attempt to sell a portion thereof, set apart by a sufficient and certain description, such sale will be declared void.

A purchaser of land at a collector's sale, in order to support his title, must prove that all the requisites of the law subjecting the property to sale for taxes, have been complied with.

APPEAL from the Circuit Court for Prince George's County.

The case is sufficiently stated in the opinion of the Court.

The plaintiff offered a single prayer, as follows, which the Court (MAGRUDER, J.,) granted:

If the Court shall find from the evidence in the cause, that the State taxes levied for the year 1863, upon the real estate mentioned in the declaration, were due at the time of the collector's sale offered in evidence in this cause; and shall further find that prior to proceeding by way of execution to collect the said State taxes, Charles Ridgely, collector of State and county taxes for the year 1863, first left at the usual place of abode of the party by whom the taxes were to be paid, a statement showing aggregate amount of property of every descrip-

Dyer *vs.* Boswell.

tion with which the said party was assessed, and the amount of taxes due thereon, with a notice annexed thereto, that unless the taxes so due were paid within thirty days thereafter, he would proceed by way of execution or distress to collect the same; and shall further find that the taxes were not paid, and that the said collector thereupon levied upon the real estate described in the declaration, and that after giving twenty days' notice of the time and place of sale of the said real estate, by advertisement in the "Marlborough Gazette," a newspaper published in Prince George's County, and also by notice stuck up at the court-house door, he did proceed to sell the said real estate, at the time and place mentioned in the said notice, by public auction; and shall further find that the said collector first offered a limited portion of said tract of land for sale, and such an amount as he thought might prove sufficient to discharge the taxes due thereon, and did not receive a bid for the same when so offered; and shall further find that thereupon the said collector did sell the real estate mentioned in the declaration, to the plaintiff, who was the highest bidder, and afterwards that the said collector executed to the plaintiff the deed offered in evidence, then the plaintiff is entitled to recover.

The defendant offered six prayers, which the Court refused. The fifth, as follows, need only be set out:

5th. That if the Court find from the evidence in this cause, that the taxes claimed to be due the State amounted to one dollar and twenty-five cents, and that the land sold by said collector contained one hundred acres, and was worth twelve to fifteen hundred dollars, and if it further appear to the Court, from the evidence, that a lesser quantity could have been sold to pay said taxes, then that the said sale is irregular and void, unless the Court further finds that the collector did attempt to sell some portion less than the whole, and that the said portion of

the land less than the whole was set apart by some sufficient and certain description, so that bidders therefor would know what portion of the said land was so offered for sale by the said collector, and would be bought by such bidders.

The case was tried before the Court, without the intervention of a jury, and judgment was rendered for the plaintiff. The defendant thereupon appealed.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY and ROBINSON, J.

*R. B. B. Chew*, for the appellant.

*Daniel Clarke*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This is an action of ejectment brought by the appellee, to recover from the appellant a tract of land containing one hundred acres, which formerly belonged to Elizabeth Boswell's heirs, and to which the appellee claimed title under and by virtue of a sale made to him by Charles Ridgely, collector of State and county taxes for the years 1862 and 1863. The sale was made on the 5th day of October, 1865.

The defendant filed nine pleas, to which a general replication was filed, and issue being joined, the case was submitted to the Court below without the intervention of a jury. In the progress of the trial, the plaintiff abandoned the sale for county taxes, and proceeded to offer evidence of title under a sale for State taxes. Three bills of exception were taken by the defendant below. The first presents the question of the admissibility of evidence offered by the defendant, that at the time of the alleged levy by the collector for the State taxes of 1863, there was ample personal property on the premises to

pay the said taxes.  In our opinion it was not error to
exclude this testimony.  The Code, Art. 81, sec. 51,
provides that "the real estate of a delinquent tax payer
may be sold to pay State taxes, whether there be per-
sonal property or not; the collector complying with the
provisions of the two preceding sections."  The two pre-
ceding sections prescribe the steps to be taken by the
collector, in order to collect State or county taxes by levy
and sale of property, personal or real, and while by the
50th section it is made his duty to levy first upon per-
sonal property for county taxes ; this does not apply to
State taxes, for which by the 51st section, the real and
personal estate are alike answerable, and the collector
may at his option, levy upon either.  The last part of
section 51, which requires the collector to comply with
the provisions of the two preceding sections, has no ref-
erence to that part of section 50, directing the collector
to levy upon the personal property ; but refers to the
other provisions of sections 49 and 50, which prescribe
the mode in which preliminary notice shall be given, and
the manner in which the levy and sale shall be made.
By reference to the Act of 1844, ch. 236, sec. 5, it will be
seen that for the collection of State taxes the collector
was authorized to levy upon *either the real or personal
property of the delinquent.*  This provision is substantially
embodied in sec. 51, Art. 81 of the Code.  According to
the true construction of this section, the collector may
levy upon and sell real estate for State taxes, whether
there be personal property on the premises or not.  And
therefore the evidence offered in the first bill of excep-
tions was immaterial, and properly excluded.

The second bill of exceptions was taken to the ruling
of the Circuit Court upon the prayers,—that of the plain-
tiff was granted, and the six prayers of the defendant
were refused.  It is not necessary to notice these prayers
separately, or to pass upon the several questions raised

by them and argued at the bar; inasmuch as there are two objections, which in our judgment, are fatal to the plaintiff's right to recover; one of them based on the insufficiency of the notice of sale given by the collector, and the other growing out of his omission to set apart a portion of the land, by some certain description, and offer the same for sale before proceeding to sell the whole tract.

*First.*—As to the notice, this declares that the collector would proceed to sell "by authority, vested in him by the Commissioners of Tax of Prince George's County, in accordance with the provisions of sections 56 and 59, Article 81 of the Code of Laws." But those sections refer only to sales of property for County Taxes. The power to sell for State Taxes is not derived from the Commissioners of Tax, nor regulated by sections 56 and 59 referred to in the notice. Inserted in the notice is a statement of the taxes due, viz:

County Tax for 1863......................$2.55

State   "    "    "....................... 1.25

The collector not having proceeded according to law in selling for County Taxes, that sale was abandoned by the plaintiff at the trial; but as the collector by the terms of his notice advertised only a sale for *County Taxes;* for that is the effect of declaring that his authority in the premises was derived from the Commissioners of Tax, and his proceeding in accordance with the 56th and 59th sections of Art. 81 of the Code; it is impossible to support the sale, as one made for State Taxes.

*Second.*—It appears in proof that the State Tax due was $1.25; the sale was of one hundred acres of land, worth according to the evidence from twelve to fifteen hundred dollars.

It was clearly the duty of the collector, to have offered a part of the land for sale, before proceeding to sell the

whole.   He states in his testimony, that "he thinks he first offered some part of the land, but don't know what part; don't know if the part he offered contained five or ten acres, and don't think he had a right to know; he did not offer any part by any certain description; did not offer any part by any certain description, by which the part so offered could be known." This was not a compliance with the law; such an offer, if any such was made, was equivalent to no offer at all of a part of the land.

Article 81, sec. 60 of the Code provides, " that nothing contained in the last preceding section, shall authorize any collector to sell more of any tract of land, than may prove sufficient to discharge the taxes, and legal charges due thereon."

This express provision of the Code has reference to sales of land for County Taxes; but it merely asserts a general principle which is applicable to sales made by sheriffs and collectors, and which has been often enforced, upon grounds of equity and reason which forbid such officers from selling in mass a whole tract of land, to pay a small sum of money when the sale of one or two acres would be sufficient.

On this subject we refer to *Nesbitt vs. Dallam*, 7 *G. & J.*, 512; *Berry vs. Griffith*, 2 *H. & G.*, 337; *Woods vs. Monell*, 1 *Johns. Ch. R.*, 505, 506; *Tiernan vs. Wilson*, 6 *Johns. Ch. R.*, 411; *Stead's Ex'rs vs. Stead*, 4 *Cranch*, 403.

For the reasons stated, we think the Circuit Court erred in granting the plaintiff's prayer, and in refusing the *fifth* prayer of the defendant.

It has been settled by the cases of *Polk vs. Rose, et al.*, 25 *Md.*, 153; and *Beatty, et al. vs. Mason, et al.*, 30 *Md.*, 416 that it is incumbent upon a purchaser of land, at a sale by a collector of taxes, in order to support his title, to prove that all the requisites of the law subjecting the

property to sale for taxes, have been complied with. Unlike judicial sales, there are no presumptions of law in their favor; but as the collector proceeds in the execution of a special power it must appear affirmatively by proof, that every thing has been done by him in accordance with the law; without which the title of the purchaser must fail.

In this case, as we have shown, the collector has failed to comply with the law in the particulars before stated, and without adverting to other defects in his proceedings, for the reasons stated, the judgment of the Circuit Court will be reversed.

*Judgment reversed.*

(Decided 17th February, 1874.)