WILLIAM H. GUISEBERT *vs.* THOMAS ETCHISON and
MARY E. ETCHISON, his Wife.

*Tax Sales—Order of Ratification by a Circuit Court under the
Act of 1872, ch. 384, Not Conclusive—Effect of such Order as
Evidence in an Action of Ejectment to Recover Property pur-
chased at a Tax Sale—Proof of the Irregularity of the Pro-
ceedings of the Tax Collector.*

Before the passage of the Act of 1872, ch. 384, regulating the sale of
property for taxes, the law was well settled, that in order to sustain
a title derived under a sale by a tax collector, the *onus* was upon
the purchaser to prove affirmatively that the proceedings by the
collector were regular and in conformity to the statute, whose pro-
visions must be shown to have been, in all respects, substantially
complied with.

The Act of 1872, ch. 384, confers on the Circuit Courts a special and
limited jurisdiction, in the matter of confirming sales made by tax
collectors. Where it appears by the record or by proof, that the
material and substantial provisions of the law have not been com-
plied with, essential to render the sale valid, the order of the Cir-
cuit Court is not conclusive.

The effect of the order of ratification by the Circuit Court of a sale
made by a tax collector, is to relieve the purchaser at such sale from
the *onus* of proving in the first instance, (in an action of ejectment
brought by him to recover the property so purchased,) the regu-
larity of the proceedings, that is. to establish for him a *prima facie*
case; but leaving it open for the party in possession to offer proof
of the irregularity of the proceedings by the collector, and to assail
the title of the purchaser by proving that the provisions of the law
have not been complied with.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

*Plaintiff's 7th Exception.*—At the trial the plaintiff offered
the following prayers:

Guisebert *vs.* Etchison.

1. If the jury shall find from the evidence in the cause, that the real estate mentioned in the declaration in this cause, was sold for payment of State and county taxes in arrears for the years 1870 and 1871, by the tax collector for said years, on the 11th October, 1872, to the plaintiff, and that said collector reported the said sale, and the proceedings had in relation thereto, to the Circuit Court for Frederick County, and that said real estate is situated in Frederick County, and that the said Court did order notice to be given by advertisements to be published in "The Republican Citizen" and "The Valley Register," two newspapers printed in Frederick County, warning all persons interested in said real estate sold, to be and appear by the 18th March, 1876, to shew cause, if any they had, why said sale should not be ratified and confirmed; and shall further find, that said Court, on the 27th March, 1876, passed an order ratifying and confirming said sale—no cause to the contrary thereof being shewn, that then the plaintiff has a good title to said real estate, and the verdict of the jury must be for the plaintiff.

2. That if the jury shall find from the pleadings and all the evidence in the cause, the matters and things stated in the plaintiff's first prayer, that then their verdict must be for the plaintiff, even though the jury should find that said collector did not first leave with the person by whom the taxes were to be paid, or at his usual place of abode, or set up on the said real estate, or deliver to the person in possession thereof, a statement shewing the aggregate amount of property of every description with which said person was assessed, and the amount of the taxes due thereon, with a notice annexed thereto, that unless the taxes so due were paid within thirty days thereafter, he would proceed to collect the same by way of distress or execution to be levied on said real property.

3. That if the jury shall find from all the evidence and pleadings in the cause, the matters and things stated in the plaintiff's first prayer, that then their verdict must be for the plaintiff, even though the jury should find that said collector sold more of said lot of ground than was sufficient to discharge the taxes and charges thereon due, and that said sale was made without the written order of the County Commissioners of Frederick County.

The defendants offered four prayers; it is necessary to state only the second and third, which are as follows:

2. That if the jury shall find from the evidence in this cause, that the taxes and costs claimed to be due, amounted to less than $20, and that the lot or land sold by the collector, was a town lot in the Village of New Market, with a front of about 33 feet front on the main street, and running back to an alley, with a depth of about 330 feet, worth from $600 to $1000 at the time of sale by collector; and they shall further find from the evidence, that a lesser quantity than the whole of said lot could have been sold to pay said taxes and costs, then the sale under which plaintiff seeks to recover was irregular and void, unless they should further find that the collector did attempt to sell some portion less than the whole, or that the County Commissioners were of opinion that said lot would not admit of division without material injury to the owners thereof, and had, previously to sale, directed the collector to make sale thereof to the extent of the ground sold, and unless an entry of such authority to such collector was previously made upon the minutes of the proceedings of said Commissioners.

3. That unless the jury shall find from the evidence that the taxes for 1870 and 1871, upon the real estate mentioned in the declaration, were due at the time of the collector's sale, offered in evidence in this cause; and shall further find that prior to proceeding, by way of execution, to collect said taxes, Lloyd Herring, the collector, first

left with Byron Etchison, or at his usual place of abode, or set up on the land or premises to be sold or delivered to some person in possession thereof, a statement showing the aggregate amount of property of every description, with which said Etchison was assessed, and the amount of taxes due thereon, with a notice annexed thereto, that unless the taxes so due are paid within thirty days thereafter, said collector will proceed to collect the same by way of distress or execution, to be levied on said real or personal property, that the verdict must be for the defendants.

The Court (LYNCH and BOUIC, J.,) rejected the plaintiff's prayers, and granted the second and third prayers of the defendants. The plaintiff excepted, and the verdict and judgment being for the defendants, the plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

*C. V. S. Levy* and *Wm. P. Maulsby, Jr.,* for the appellant.

"It is a well settled principle that the judgment of a Court of competent jurisdiction, when coming incidentally in question, \* \* \* is conclusive upon the question decided and cannot be impeached on the ground of informality in the proceedings or error or mistake of the Court in the matter on which they have adjudicated." *Raborg vs. Hammond,* 2 *H. & G.,* 50; *Barney vs. Patterson's Lessee,* 6 *H. & J.,* 182; *Taylor & McNeal vs. Phelps,* 1 *H. & G.,* 492; *Powles, et al. vs. Dilley, et al.,* 9 *Gill,* 241; *Clark & Jackson vs. Bryant & Lunt,* 16 *Md.,* 171.

We submit that the ratification of the sale by the Circuit Court was the decision of a Court of competent jurisdiction, upon a question within its jurisdiction. That as such it was offered in evidence of title in the suit in ejectment. That the judgment of the Court ratifying the sale

Guisebert *vs.* Etchison.

thus offered was conclusive of the question decided by it. That the question decided by it was the regularity of the sale, and the fact that the purchaser had acquired a valid title to the property sold.

It is immaterial, we submit, whether the Court whose judgment is offered in evidence be a Court of original general jurisdiction or one of special limited jurisdiction ; if it be a tribunal competent to pass upon the questions and parties upon whom and which it has rendered judgment, its judgment is conclusive. 1 *Smith's Leading Cases,* 1079, 1112, (*7th Am. Ed.*)

Where the judical tribunal has general jurisdiction of the subject-matter of the controversy or investigation, and the special facts which gave it the right to act in a particular case are averred and not controverted upon notice to all proper parties, jurisdiction is acquired and cannot be assailed in any collateral proceeding. Where the judicial tribunal has not general jurisdiction of the subject-matter but may exercise it under a particular state of facts, these facts must be specially averred and established, and when so established on a hearing of all proper parties cannot be impeached in any collateral proceeding. *Bumstead vs. Bumstead,* 40 *Barbour,* 661; *Erwin vs. Lowry,* 7 *Howard,* 172; *McCormick vs. Sullivan,* 10 *Wheaton,* 192; 16 *Com. Bench,* 97; 3 *Comstock,* 46; 1 *Peter,* 159; 1 *Selden,* 454; 18 *Maine,* 152; 12 *Maine,* 415.

. We submit that the Act of 1872, required the Court to revise and declare proper or the reverse, the proceedings had by the collector, and give an opportunity to the party to appear and make any defence which he might desire; that the Court has thus in this case established the facts necessary to be found before giving judgment, and that the provision for a hearing of all parties has the legal effect upon their rights as if they had been heard, and are therefore bound. *Riley vs. Waugh,* 8 *Cushing,* 220; *Vail vs. Deven,* 19 *Barbour,* 22, 28; 1 *Smith's Leading Cases,* 1110; *Tax Sale,* 42 *Md.,* 196.

*John Ritchie,* for the appellees.

Upon the point of how far the order of ratification of the sale concluded the defendants, we submit that the Circuit Court was exercising a special and limited authority, and it must, at least, appear by the recitals of the record itself, that the facts existed which authorized the Court to act. The same rule applies in the case of a Court of general jurisdiction, exercising in a particular case a special and limited authority, that applies to the action of Courts of special and limited jurisdiction; it must affirmatively appear that they complied with the conditions upon which their power rests, and their acts will have no force whatever beyond the strict scope of their delegated authority. If the proceedings by the collector were regular, and so appear from the facts of the record, a final judgment may possibly be sustained, or inquirable into only on appeal; but in this the record supplied by the collector himself, shows the proceedings to have been irregular; and it is only on finding them " to be regular and according to law," that by the terms of sec. 63 of the Act of 1872 itself, is the Court to order notice to be given, &c. See *Cooley on Taxation, caption Judicial Sales, p.* 358, 359, 361, and *McClung vs. Ross,* 5 *Wheat.,* 116; *Thatcher vs. Powell,* 6 *Wheat.,* 119; *Francis' Lessee vs. Washburn,* 5 *Hayw.,* 294; 3 *Sneed,* 344; 12 *Ill.,* 409 ; 42 *Mo.,* 162; 6 *Iowa,* 331; 15 *Ill.,* 279.

The same principle is recognized in *Dyer vs. Boswell,* 39 *Md.,* 465, which says, " While the maxim of law *omnia rite præsumuntur* is appropriate only to judicial proceedings, no intendment in respect to the exercise of it is to be made in favor of a specially delegated power. The *onus* is upon the purchaser at a tax sale ; he must show *affirmatively* that the officers acted strictly in conformity with the law. The acts of the officers are matters *in pais,* their existence is not made out by intendment but must be proved."

The revision by the Court of the returns of sales by the collector, is at most only designed to give effect to their purport, if regular, and secure the superintendence of the Court; not to cure violations of important mandatory provisions in regard to the exercise of so serious a procedure as forfeiting the property of the citizen.

The view of the effect of the order of ratification, contended for by appellant, would destroy the safeguards, and overthrow the settled principles heretofore thrown around and interwoven with the divestiture of title by tax sales. The Act of 1872 was only meant to secure greater expedition and a more intelligent and satisfactory supervision in *carrying out* a specially delegated authority, and not to subvert the established view, that the purchaser at a tax sale must accept the burden of maintaining the regularity of the steps by which his title was acquired.

We do not see in the Act of 1872, a revolution as to the doctrine so repeatedly announced by this Court, that "to sustain the power of the collector, it must be strictly pursued." 10 *G. & J.,* 374; 11 *G. & J.,* 50; 7 *H. & J.,* 79. "The party claiming under the power is chargeable with notice of every irregularity in the proceedings of the officers, and the *onus* is on him to show the faithful execution of the power." *Polk vs. Rose,* 25 *Md.,* 153; *Beatty, et al. vs. Mason, et al.,* 30 *Md.,* 410. "A purchaser of land at a sale by a collector of taxes, in order to support his title, must prove that all the requisites of the law subjecting the property to sale for taxes, have been complied with." 39 *Md.,* 465.

"The deed of a tax collector is not evidence of the regularity of the proceedings preceding the sale, and out of which the power to sell arose." 8 *Gill,* 259; *Cooley on Taxation,* 353.

BARTOL, C. J., delivered the opinion of the Court.

This is an action of ejectment instituted by the appellant to recover a house and lot in the town of New

Market, in Frederick County, in the possession of the appellees.

The plaintiff claims title under a deed from Lloyd H. Herring, collector of taxes, made in virtue of a seizure and sale of the property for taxes in arrear for the years 1870 and 1871. The aggregate amount of State and County taxes for those years was $13.20; and including costs at the time of the sale, amounted to $19.80. The sale to the appellant was for $20.

The proof in the case shows that the property sold, consisted of a lot and improvements, with a front of 33 feet and a depth of 330 feet, worth from $600 to $1000. It was also proved that it was susceptible of division; there was a stable on the alley in the rear, which with a depth of 165 feet, one-half of the lot, could have been sold for from $50 to $125; that lots upon the alley were frequently so sold.

The defence rests upon three grounds:

1st. That the collector had failed and omitted to give the preliminary notice required by the Code, Art. 81, sec. 49, as amended by the Act of 1872, ch. 384.

2nd. That in the advertisement of sale, no sufficient description was given of the property; it being designated only as "a lot in New Market." *Alexander vs. Waller*, 8 *Gill*, 240, 241.

3rd. That the sale of the whole lot was excessive; the collector having sold "more than was sufficient to discharge the taxes and legal charges due thereon," contrary to sec. 60, Art. 81 of the Code; and that no order or direction was given by the County Commissioners to sell the whole lot as provided by sec. 60. *Dyer vs. Boswell*, 39 *Md.*, 466.

We think all these grounds of defence were well taken, and are fatal to the right of the appellant to recover, unless he is right in the position assumed by his prayers, that these objections cannot be made in this case, and that

the  defendants are  concluded  from  raising  them  by  the
order of the Circuit  Court, ratifying  and  confirming  the
sale, made under  and  in pursuance  of  Art. 81, sec. 63, of
the Code, as amended  by  the Act of 1872, ch. 384.

The  decision  of  the case, therefore, turns upon  the con-
struction  of  the Act of 1872.

Before  the  passage  of that Act the  law  was well settled,
that in order  to  sustain a  title  derived  under a sale by a
tax  collector, the *onus* was upon  the purchaser  to  prove
affirmatively that  the  proceedings  by  the collector were
regular and in conformity  to  the statute, whose provisions
must be shown to. have been, in all  respects, substantially
complied with.    *Polk vs. Rose*, 25  *Md.*, 153;  *Beatty  vs.
Mason*, 30 *Md.*, 410;  *Dyer vs. Boswell*, 39 *Md.*, 465.

The Act of 1872 changed  the  pre-existing law in some
material respects.    Instead of  requiring  the collector  to
report the sale  to  the County Commissioners as was pro-
vided by the Code, the Act of 1872 requires him "to report
the sale together  with all  the  proceedings  to  the Circuit
Court;" and  provides that  the  Circuit  Court,  "shall
examine  the  proceedings, and if the same appear  to  be
regular, and the. provisions  of  law  in  relation  thereto
have been complied with, shall order notice to  be given  by
advertisement, published in  such  newspapers as the Court
shall direct, warning all persons interested in the property
sold, to  be and appear  by a certain day, in  the said  notice
to  be  named, to show  cause, if any  they  have, why  said
sale should not be ratified and confirmed ;  and if no cause,
or an insufficient cause be shown against the said ratifica-
tion, the said sale shall by  the order  of  the said Court, be
ratified  and  confirmed, and the  purchaser  shall  have  a
good title."          *          *          *          *          *

The appellant  contends  that  the  effect  of  the  order  of
ratification, by  the Circuit Court, under  the Act of 1872,
conclusively establishes the title of the purchaser notwith-
standing any irregularities of the proceedings under which

the sale was made, and that the party in possession is thereby precluded from proving that in the seizure and sale of the property, the collector failed and omitted to comply with the provisions of the statute.

In this case the proceedings before the Circuit Court were *ex parte*, neither the defendants nor any party interested, appeared or excepted to the sale, nor were any of the objections here relied on presented to the Circuit Court. The order of ratification had not the conclusive effect ascribed to it by the appellant.

In our opinion the Act of 1872 is not to be so construed. The power to seize and sell property for taxes is conferred entirely by statute, and as said by Judge COOLEY, "a statutory power must be executed according to the statutory directions, and presumptively any other execution is opposed to the legislative will, instead of in furtherance of it. It is therefore accepted as an axiom when tax sales are under consideration, that a fundamental condition to their validity is that there shall be a substantial compliance with the law in all the proceedings of which the sale was the culmination." *Cooley on Taxation*, 324.

The Act of 1872, confers upon the Circuit Court, a special and limited jurisdiction, and again to quote from the same learned author, p. 358: "The importance of this fact appears in that familiar principle that nothing is taken by intendment in favor of the action of a Court of special and limited jurisdiction, but it must appear by the recitals of the record itself, that the facts existed which authorized the Court to act, and that in acting the Court has kept within the limits of its lawful authority. And this principle is applicable to the case of a Court of general jurisdiction, which in the particular case is exercising a special and limited authority, as well as to the case of special Courts created for such special and limited authority only."

Such being the nature of the jurisdiction conferred on the Circuit Court by the Act of 1872, it follows that where

it appears by the record, or by proof, that the material and substantial provisions of the law, have not been complied with, essential to render the sale valid, the order of the Circuit Court is not conclusive.

As we construe the Act of 1872, the effect of the order of ratification by the Circuit Court, is to relieve the purchaser from the *onus* of proving in the first instance, the regularity of the proceedings, that is, to establish for him a *prima facie* case; but leaving it open for the party in possession to offer proof of the irregularity of the proceedings by the collector; and to assail the title of the purchaser by proving that the provisions of the law have not been complied with.

For these reasons we think the prayers of the appellant were properly refused, and that there was no error in granting those of the appellees.

As the questions raised by the appellant's exceptions to the evidence are determined by the views we have expressed, it is unnecessary to notice them more particularly.

*Judgment affirmed.*

(Decided 18 June, 1879.)