# JOSEPH WEINBECK

*vs.*

# GERTRUDE C. DAHMS.

*Deeds: repugnant clauses; reservation to grantor of right to convey; subsequent grant in fee. Intention of grantor.*

Where a grantor, before specifying the character of an estate given to the grantee named, reserves to herself the absolute right to grant and convey the property in the deed described during the term of her natural life, such reservation is not inconsistent with a subsequent grant of a fee simple estate to said grantee. p. 468

Courts will so construe a conveyance as to give effect to the intention of the parties, rather than defeat such intention by a strict technical construction of the form of conveyance adopted. pp. 466-467

*Decided April 24th, 1919.*

Appeal from the Baltimore City Court. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and ADKINS, JJ.

*Frank Driscoll* (with whom was *Edward A. Weiler*, on the brief), for appellant.

*Osborne I. Yellott* and *Edward H. Burke* (with whom were *Piper, Yellott, Hall & Carey*, on the brief), for appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This is an action of ejectment brought by the appellee claiming as a tenant in common to the extent of a one-third interest in a lot on Dillon street.

The supposed right of the plaintiff, appellee here, arises out of a deed executed on the 21st of April, 1913, by Anna Dahms, of the property in question on Dillon street. The granting clause of the deed was in the following language:

> "Witnesseth, That in consideration of the sum of five dollars and other good and valuable considerations, the said Anna Dahms doth grant and convey unto Gertrude C. Dahms, Irwin F. Dahms and Anna Dahms, minors (reserving, however, the absolute right to grant, convey, sell, mortgage, limit or dispose of the herein described property, absolutely, during the term of my natural life, as if this deed had never been executed), their heirs and assigns in fee simple, all that lot of ground situate, lying and being in Baltimore County and described as follows:"

The habendum clause of the deed follows exactly the language of the granting clause.

On February 1st, 1916, the said Anna Dahms, who remarried, the name of her then husband being John Grosskopf, conveyed in fee simple to Joseph Weinbeck the same lot as that described in the deed of 1913 before referred to, and the present action is for the purpose of recovering from Weinbeck an undivided one-third interest by Gertrude C. Dahms, as tenant in common, as her interest in the property. This claim is predicated upon the theory of a repugnancy in the deed of 1913, the contention being that the grant to Gertrude, Irwin and Anna gave each of them a vested interest in the property, and that the reservation in the grantor was in derogation of the fee simple interest, and therefore void.

The case was tried before the Court below upon an agreed statement of facts, and the first five exceptions appearing in the record were upon offers of evidence, on the ground that the evidence so proposed to be offered was in contradiction of the written deed and, therefore, inadmissible. These objections were severally sustained by the trial Court, and the correctness of those rulings will be discussed later.

The remaining bill of exceptions deals with the prayers, and it will be sufficient for their consideration to advert briefly to the rule of law properly applicable under a condition of facts such as the record discloses, and then pass to one or two special comments with regard to the form of three of the prayers.

At the outset, it is proper to say that there can not be any dispute as to the proposition that where there is a repugnancy between the granting clause of a deed and the habendum, where an estate which has been granted in fee is sought to be cut down to a lesser estate, or limited by conditions, that such attempt will be rejected as void, being in derogation of the absolute estate previously granted.

The same rule also applies where there is a proviso in a deed which would operate in the same manner, and a large number of the cases cited in the argument and referred to in the briefs of counsel are of this class; but it is equally true that where a repugnancy does not so exist, or where there is an ambiguity, and the Court can ascertain the intent of the grantor by reference, not to one but to all parts of the deed, that intent will be given effect. The rule of law today is well and clearly stated in 8 *R. C. L.,* pp. 1037-8 and 1046 : "Whatever may have been the earlier doctrine, it is now thoroughly settled that technical rules of construction are not favored, and must not be applied so as to defeat the intention. * * * In modern times the more sensible rule obtains, in all cases to ascertain and give effect to the intention of the party as gathered from the entire instrument, together with the surrounding circumstances, unless such intention is in conflict with some unbending canon of construction, or settled rule of property, or is repugnant to the terms of the grant. Furthermore, the primary or dominant intent must prevail over a secondary intent, where the two are inconsistent; wherefore, if two clauses are inconsistent they must be construed so as to give effect to the intention of the party as collected from the whole instrument. In applying the rule of intention, courts will so construe a conveyance as to give effect to

the intention of the parties, rather than defeat such intention by a strict technical construction of the form of conveyance adopted. Where a meaning in the granting clause is doubtful, the habendum may be resorted to to lessen the uses to which the estate may be put, or in case of need to explain the premises and thereby determine the estate conveyed."

This rule has been frequently followed in this State. *Zittle* v. *Weller,* 63 Md. 190; *Baldwin* v. *Trimble,* 85 Md. 396; *Lang* v. *Wilmer,* 131 Md. 215; *Link* v. *McNabb,* 111 Md. 641; *Second Universalist Soc.* v. *Dugan,* 65 Md. 471; *Ridgely* v. *Cross,* 83 Md. 161; *Winter* v. *White,* 70 Md. 305; and this is also the prevailing rule in a number of other States; see *Bassett* v. *Budlong,* 77 Mich. 338; *Pegg* v. *Pegg,* 33 L. R. A., N. S., 166; *Robinson* v. *Payne,* 58 Miss. 690.

The reason for the rule is all the more manifest in a case like this, where rights of a third party have intervened in reliance upon the exercise of the power expressly reserved in the deed.

The question for determination in this case is, not whether there was a repugnancy between the granting and habendum clauses, or between the granting and some subsequent proviso; but, since the language employed in both the granting and habendum clauses was the same, whether there was an inconsistency in the granting clause itself which would render the deed void, so as to destroy the power of the grantor to sell and convey the property.

At this point it is germane to refer to the exceptions on the matter of evidence. The admissibility or inadmissibility of the evidence proposed to be given depended largely upon the view of the Court as to a conflict, or absence of it, in the provisions of the granting clause. If they were such as to leave the Court in doubt what the intent of the grantor was, the evidence was competent for the purpose of explaining the ambiguity; while on the other hand, if there was no doubt in the mind of the Court as to the intent of the grantor in the deed, then the evidence was incompetent, since it might

tend to an attempt to modify or even nullify the plain provisions of the deed.

When the deed itself is examined the following situation presents itself: By the granting clause certain grantees are named, but the amount or character of their estate is not specified until after the reservation of an "absolute right to grant, convey, sell, mortgage, limit or dispose of the herein described property during the term of my natural life," and then follow the words, "in fee simple," as descriptive of the character of the estate which the grantees were to hold, in case the grantor had not sold or disposed of her estate in the property under the power of sale specified in the deed. It is difficult to conceive what language could have been employed that would more clearly have disclosed the purpose of the grantor, and no conflict is apparent between that expressed purpose and the other portions of the deed.

Holding this view, it was error to have granted the plaintiff's first prayer. To the plaintiff's second, third and fourth prayers no exception was reserved to their refusal, and they are not, therefore, properly before this Court for consideration.

For the reasons already indicated, there was error in refusing the defendant's first and seventh prayers. The defendant's second prayer was properly refused, if the first was granted, as the tendency of granting the first and second would have been to mislead the jury. The refusal of the defendant's third prayer was likewise error. There was no error, however, in the refusal of the defendant's fourth, fifth and sixth prayers, as the language in which those prayers was framed either presented conditions which the facts as contained in the agreed statement rendered inapplicable, or were unfortunately phrased for consideration by a jury.

*Judgment reversed, without a new trial; with costs to be paid by the appellee.*