MAGGIE RETH et al.

*vs.*

JACOB LEVINSON.

*Tax Sale—Order of Ratification—Petition to Strike Out—*
*Equity Jurisdiction.*

Courts act under a special limited jurisdiction in passing on reports of sales for taxes, and the Legislature did not intend that they should be called upon to exercise their general equity jurisdiction in such cases.                               p. 397

When a court has ratified and confirmed a tax sale under the special authority conferred by statute, it does not, in the absence of an express provision to that effect, retain control of the case after the time that orders or decrees become enrolled, although until that time such power may be conceded.          p. 397

A petition filed in a tax case seeking to have the order of ratification stricken out cannot be treated as a bill of review, as a bill in the nature of a bill of review, or as a bill to remove a cloud on the title.                               p. 397

One seeking to have a tax sale set aside, in the exercise of the general equity powers of the court, must pay all taxes due and interest as a condition precedent to relief.          p. 399

*Decided December 10th, 1919.*

Appeal from the Circuit Court No. 2 of Baltimore City (DOBLER, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*W. Harry Holmes,* with whom was *Cloyd Lewis* on the brief, for the appellants.

*James Fluegel,* for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from an order overruling a demurrer to an amended petition filed by the appellee to strike out an order of ratification of a tax sale made to the appellants. The Collector of Taxes filed a report of a sale made by him on the 11th day of June, 1917. On the 10th of August, 1918, an order *nisi* was passed and on October 21, 1918, the sale was finally ratified. The appellee filed a petition in the tax case alleging that on the 24th of July, 1918, he purchased the property from the owner, Simon Rief, who had acquired title to it by a deed dated the 23rd of July, 1907, and held it continuously until the transfer to the petitioner. The petition alleges a number of defects in the proceedings connected with the tax sale, and charges that neither Simon Rief, the former owner of the property, nor petitioner knew of the sale, and that petitioner immediately upon learning of it, took proper steps to make inquiries concerning it, and finding that the sale did unlawfully take place promptly filed the petition. It prays that the order confirming and ratifying the sale be stricken out and vacated forthwith for want of jurisdiction to pass it. The original petition was filed January 28th, 1919, and a demurrer to it was sustained on March 4th, with leave to the petitioner to file an amended petition, which is the one now before us. There is no prayer for process in it, but an order was passed by the Court requiring the Mayor and City Council of Baltimore and the purchasers to show cause why the relief sought should not be granted as prayed. The Mayor and City Council did not appear, but the purchasers filed a demurrer to the amended petition and that being overruled this appeal was taken.

The petition was filed in the tax case seeking to have the order of ratification of the sale stricken out by the Court which passed it. It cannot be treated as a bill of review, or a bill in the nature of a bill of review, or such a bill as is often used in cases to set aside tax sales, to also have the cloud on the title removed. It has been held in many cases in this State that the courts act under a special and limited jurisdiction in passing on reports of sales for taxes, and it was not intended by the Legislature that those courts should be called upon to exercise their general equity jurisdiction in such cases. In *Guisebert* v. *Etchison*, 51 Md. 478, on page 487, CHIEF JUDGE BARTOL, after referring to the special and limited jurisdiction of the Court in tax cases, quoted from *Cooley on Taxation*, 358, that, "The importance of this fact appears in that familiar principle that nothing is taken by intendment in favor of the action of a Court of special and limited jurisdiction, but it must appear by the recitals of the record itself, that the facts existed which authorized the Court to act, and that in acting the Court has kept within the limits of its lawful authority. And this principle is applicable to the case of a Court of general jurisdiction, which in the particular case is exercising a special and limited authority, as well as to the case of special courts created for such special and limited authority only."

After the Court has ratified and confirmed a tax sale under the special authority conferred on it by statute, in the absence of some provision so authorizing, it does not retain control of the case, after the time orders or decrees become enrolled. Until then power may be conceded to vest in such courts, although that is not involved in this case. As we have seen, this sale was made on June 11, 1917, and ratified on the 21st of October, 1918, and the original petition was not filed until the 28th of January, 1919—over three months after the ratification and over nineteen months after the sale. The only suggestion that we have found in any decision in this State, as to whether there could be an application by

petition for a rescission of the order of ratification of a tax sale and a rehearing on the merits was in *Meyer* v. *Steuart,* 48 Md. 423, where the Court declined to decide whether such an order of ratification was the proper subject of a bill of review, or of a supplemental bill in the nature of a bill of review, or for application by rescission of the order and a rehearing on the merits. The case was then before the Court on an appeal from the Circuit Court of Baltimore City giving leave to parties interested to file a bill of review, and the appeal was dismissed on the ground that the order definitely decided no matter of right, but was entirely interlocutory and such orders are not subjects of appeal. An appeal by the owners of the property sold was also dismissed, the Court saying: "In passing the order appealed from the Court was not in the exercise of its general jurisdiction, but of a special authority; and the manner of its exercise is particularly described by the statute, and there is no provision made for an appeal to this Court."

When that sale again came before this Court, *Steuart* v. *Meyer,* 54 Md. 454, the parties had filed a bill to have the sale set aside and declared void, as having been illegally made and a cloud upon their title. Although that case was under a bill, as stated above, the opinion shows that there were two applications by petition for review and rescission of the order of ratification, upon the ground of illegality in the proceedings by the collector and surprise to the petitioners, but those applications were refused, and the petitions dismissed; and hence the present application by bill to the equity powers of the Court, as is stated in the opinion. In that case the plaintiffs were only the owners of the ground rent, and hence were not entitled to possession and could not sue in ejectment. Judge Alvey, in delivering the opinion, said: "Under the circumstances of this case, without resort to a proceeding like the present, the parties would be without adequate remedy for relief against the effect of the *prima facie* title in the purchaser. In such cases, equity asserts complete

jurisdiction to remove the cloud from the title of the property involved, and to prevent unnecessary and vexatious litigation." He went on to say, however: "But as a condition upon which this equitable jurisdiction should be exercised, for the relief of the plaintiffs, they should be required to pay, or bring into Court to be paid, to the party entitled to receive it, the full amount of the taxes in arrear at the time of the sale by the collector together with the interest accrued thereon to the time of payment, and also all taxes that have subsequently accrued on the property, with interest; and upon the full payment of such sums, the plaintiffs should then have the relief prayed by them." That is a proper requirement of one seeking the aid of a Court of Equity, who claims to be the owner of the property. He should at least be required to pay all taxes due and interest before a Court of Equity should exercise its equitable jurisdiction, and JUDGE ALVEY called attention to the fact that it was substantially what would have been required if the sale, as reported to the Court, had been excepted to, set aside and a resale made by the collector, under Chapter 483, Section 51 of Act of 1874. Section 48 of Revised Charter of Baltimore has in substance the same provisions with some amendments.

Such a proceeding as that, where a Court of Equity can be called upon for relief, is certainly much more adequate in most cases than a mere petition to strike out the order of ratification, if that was permissible. Generally it is necessary, or at least desirable, to have a deed to the purchaser cancelled and sometimes the purchaser has conveyed the property to another party. The Court, as a Court of Equity having general jurisdiction, can give such relief as is proper. We have taken the pains to look at all of the cases cited in Sections 43 and 48 of the Revised Edition of the Charter of Baltimore and in the notes to the sections in Article 81 applicable to tax sales in *Bagby's Code,* and we have failed to find any in which the petition was filed in the tax case unless it be in *Steuart* v. *Meyer, supra,* which was dismissed,

but they were either actions of ejectment or bills in equity to have the order of ratification set aside or have the cloud removed, etc.,—excepting a few cases where appeals had been taken directly from the orders of ratification, and the fact that there was no right of appeal was apparently overlooked or not pressed.

We are, then, of opinion that the lower Court had no power, sitting in the tax case, to grant relief under the petition filed. We regret that we cannot pass on the question of the validity of the sale, in order to avoid further expense to the parties, but, although there seem from the record to be some errors which would require the sale to be set aside, as invalid, we do not feel at liberty to now definitely determine that question.

> *Order overruling the demurrer reversed and petition dismissed, the appellee to pay the* **costs.**