MOLLIE A. BERANEK *v.* JOSEPH CACCIMAICI.
[No. 34, January Term, 1929.]

*Decided March 21st, 1929.*

The cause was argued before BOND, C. J., PATTISON, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*T. Lyde Mason, Jr.,* with whom was *Rudolph M. Win-terling* on the brief, for the appellant.

*W. W. Powell,* with whom was *Walter I. Wells* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

Mollie A. Beranek, the plaintiff, was the owner in sever-alty of an improved leasehold lot in Baltimore City, which was subject to the payment of the annual ground rent of one cent. By her deed of assignment of May 9th, 1925, she granted the leasehold estate to her adult son, William C. Wills, and her daughter, Thelma C. Wills, then and now an infant, "as tenants in common, their personal representa-tives and assigns, subject, however, to a life estate in the said Mollie A. Beranek, which she hereby retains, together with the right and privilege to mortgage, sell or otherwise dispose of or encumber" the demised lot. The language of the grant is repeated in the *habendum,* and there is no repug-nancy nor conflict anywhere with the operative part of the deed. Nor is there any doubt of the meaning of the words when read in their ordinary and grammatical sense, which, when given effect, create estates and powers of a sensible and reasonable kind in accordance with the plain intention of the grantor, as gathered from the four ends of the instru-ment. *Brown v. Reeder,* 108 Md. 653; *Marden v. Leim-bach,* 115 Md. 206, 210.

The grantor assigns the residue of her term, subject to an estate in her for life, to her two children as tenants in common, their personal representatives and assigns, with the reservation of a power in herself to mortgage, sell, or other-wise disposed of or encumber, the term granted. In other

words, a life estate is reserved, with an absolute estate in enjoyment at its termination, to two persons, subject to the power of the life tenant to defeat the life estate and estate given at its end by sale, mortgage or other encumbrance.

At common law, an estate of freehold could not be created to begin immediately, subject to a life estate reserved in the grantor, because, as accurately stated by Mr. Tiffany, it "involved an attempt, by one transaction, to dispose of one's own estate and to acquire another estate." The learned author, however, sums up the present rule in this way: "And that an estate can be created in favor of another, to commence in enjoyment upon the grantor's death, has been generally recognized in this country"; and this statement is true of this jurisdiction. *Tiffany on Real Property* (2nd Ed.), sec. 159, *infra.* So, a grantor, on authority and precedent, may now immediately convey or assign by deed, so that out of his fee or leasehold estate the grantor may at once reserve a life estate in himself with an absolute estate over to others (a), subject to a power reserved in himself to sell, mortgage or otherwise encumber the fee or term (b), and thereby defeat the conveyance or grant.

(a) *Hewitt's Appeal,* 55 Md. 509, 513, 514; *Murray v. Kerney,* 115 Md. 514; *Gaither v. Williams,* 57 Md. 625; *Moody v. Hall,* 61 Md. 517; 2 *Devlin on Deeds* (3rd Ed.), sec. 979, p. 1834.

(b) *Roberts v. Roberts,* 102 Md. 131, 147; *Foos v. Scarf,* 55 Md. 301, 310-312; *Weinbeck v. Dahms,* 134 Md. 464, 468; *Tiffany on Real Property* (2nd Ed.), sec. 32, p. 80; *Brandau v. McCurley,* 124 Md. 243; *Walsh v. David,* 125 Md. 37, 39; *Benesch v. Clark,* 49 Md. 497, 504-508; *Marden v. Leimbach,* 115 Md. 206, 210, 211; *Reid v. Gordon,* 35 Md. 174, 182, 184-187; *Tyson v. Tyson,* 31 Md. 134, 137.

The class of cases similar to *Russell v. Werntz,* 88 Md. 210, and *Bachtell v. Bachtell,* 135 Md. 475, does not conflict with the views expressed with regard to the deed now under consideration, as the court was then considering wills whose terms and the circumstances were different, and showed that the power bestowed was confined to the estate of the life

tenant, and the dominant intention of the testator was to secure the estates limited after the life estates for the benefit of the beneficiaries.

It follows that, as there was nothing to limit the exercise of the power in the deed on this record to a disposition of the life estate merely of the grantor, the plaintiff had the power to sell the leasehold estate absolutely. Accordingly, when she made a valid contract in writing with the defendant to sell him a fee simple estate in the property in which the plaintiff then held the leasehold estate, subject to the payment of a ground rent of one cent annually, the defendant's refusal to comply with the terms of sale on the sole ground that the plaintiff could not assign the absolute leasehold interest in the lot under the power was not justified. Since this is the only question, and it is not asserted that the bill of complaint was defective for any other reason, there was error in sustaining the demurrer to the bill, which alleged the readiness and an ability to convey the fee; and the decree of the chancellor will have to be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed, and cause remanded, the appellee to pay the costs.*