## DIENER *v.* WHEATLEY
[No. 42, October Term, 1948.]

*Decided December 10, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*H. Richard Smalkin,* with who were *Smalkin & Hessian* on the brief, for the appellant.

*T. Lyde Mason, Jr.,* with whom was *Cornelius V. Roe* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by A. Jerome Diener, Administrator of the Estate of Charles W. Davis, deceased, appellant, from a decree of the Circuit Court for Baltimore County, dated April 2, 1948, overruling a demurrer to the bill of complaint and refusing a motion to dissolve the injunction prayed therein, said bill having been filed on November 4, 1947, by James B. Wheatley, appellee.

The bill alleges that on October 29, 1940, James B. Wheatley purchased from Thomas C. Hunter, Treasurer of Baltimore County, a property described in said bill, which property was sold for the non-payment of State and County taxes for the year 1937. The appellee received a deed from the Treasurer dated November 2, 1942, which deed was recorded among the Land Records of Baltimore County. The description of the property in the deed was "Lot 50 x 166, south side of Chesapeake Avenue, 105 feet West of Schoolhouse lot; Improvements; assessed to Charles W. Davis for 1937". "* * * the word 'West' was an error and should have read 105 feet *East* of Schoolhouse lot which covers the property sold at said tax sale and which was the only property owned by Charles W. Davis in 1937, and located on the southside of Chesapeake Avenue, Towson, Maryland." On August 15, 1946, the appellee purchased the ground rent on the above described property. On October 3, 1947, A. Jerome Diener had himself appointed administrator of the estate of C. W. Davis, deceased, for the purpose of attempting to divest the appellee of his title to the above described improved property. The appellant, as administrator of the estate of C. W. Davis, has advertised the leasehold interest in the above described property for sale at public auction at the Court House door in

Towson, Maryland, on November 5, 1947, at 10 o'clock A. M. The appellee alleges that, if the above described sale is consummated, it will divest him of his property and cause him great loss and injury.

It is stipulated and agreed as follows: "Report of Sale relating to the property involved in these proceedings sold to James M. Wheatley, Appellee by the Treasurer of Baltimore County and Collector of State and County taxes for said County; the 1937 tax bill; schedule; poster advertising the sale of the property; certificate of publication of the advertisement of sale; Order Nisi and certificate of publication of the Order Nisi and the purported sale of the property in question, refer to and describe said property, as follows: All that lot of ground situate in the Ninth District of Baltimore County, and described as follows, to wit; Lot 50 x 166 feet south side Chesapeake Avenue, 105 feet west of School House lot. Improvements. Assessed to Charles W. Davis for 1937."

Appellee prayed that the appellant be enjoined from proceeding with the sale of his said property; that appellee be decreed to be the legal owner of said property; and for other and further relief. Upon that petition the Chancellor on November 3, 1947, ordered that the writ of injunction be issued as prayed upon the filing of a bond in the penalty of $1000, liberty being reserved to the appellant to move for the rescinding thereof.

A demurrer was filed to that bill of complaint alleging as special grounds that the appellee had adequate remedy at law to try the title to the property; that the bill of complaint shows on its face that the alleged tax sale did not convey the *locus in quo* property to the appellee and the description therein does not refer to the property in question but on the contrary to another property; that the court has no jurisdiction to grant any other relief prayed. From a decree overruling the demurrer and the motion to dissolve the injunction an appeal is taken here.

Chapter 761 of the Acts of 1943, of course, was not in effect at the time of this tax sale.

The appellee contends that here the Court should so construe the conveyance as to give effect to the real intention of the parties and should not confine itself to a single word or phrase. *Brown v. Reeder,* 108 Md. 653, 657, 71 A. 417; *Weinbeck v. Dahms,* 134 Md. 464, 466, 107 A. 12; *Logsdon v. Brailer Mining Co.,* 143 Md. 463, 475, 123 A. 113; *Maryland State Fair v. Schmidt,* 147 Md. 613, 621, 128 A. 365; *Beranek v. Caccimaici,* 157 Md. 144, 145, 145 A. 369. We must bear in mind, however, that the power of a tax collector to sell property because of non-payment of taxes is not conferred by contract but is a special statutory power exercised in an *ex parte* proceeding which divests the owner of his property without his consent and possibly without his actual knowledge. *Stewart v. Wheatley,* 182 Md. 455, 457, 35 A. 2d 104.

As pointed out in the case of *Hickey v. Peck,* 180 Md. 289, at page 299, 23 A. 2d 711, the effect of the order of ratification is only *prima facie* in support of the sale and not conclusive. The sale under the order of confirmation affords evidence of a good title until successfully attacked by evidence showing illegality in the proceedings upon which it is founded. *Guisebert v. Etchison,* 51 Md. 478; *Steuart v. Meyer,* 54 Md. 454, 465, 466; *Shapiro v. National Color Printing Co.,* 191 Md. 194, 60 A. 2d 679; *Gill v. Sommer,* 191 Md. 204, 60 A. 2d 683.

This Court has not hesitated to say that where, for instance, no legal or sufficient notive was given of the time and place of sale, the whole proceeding is rendered null and without effect. *Hickey v. Peck, supra,* 180 Md. at page 299, 23 A. 2d 711. In the case of *Richardson v. Simpson,* 82 Md. 155, 33 A. 457, decided December 6, 1895, after the enactment of the Act of 1874, Chapter 483, Section 51, in the advertisement the collector described the property as follows: "M. L. Howser, a tract of land called the Three Brothers, containing sixty-four and eighteen one hundredths acres, more or less; for further description see deed recorded in Liber A. T. B., No. 1, folio 154. State and county taxes for years 1890, $8.73." The deed referred to described "Three Brothers"

as a tract containing 103 acres. The Court in that case in holding the sale void pointed out that the sale was under a summary proceeding where a special power had been executed. The failure of the official to advertise a sufficient description of the property to be sold deprived him of authority and jurisdiction to proceed at all and invalidated the deed which he subsequently made, even though ratified by the court. The Court further pointed out that this is especially true when the insufficient and indefinite description has arisen from or can be traced to the neglect of the public official whose duty it is to properly keep the records of persons chargeable with taxes and to levy the tax accordingly. The objects of giving the notice of tax sale by public advertisements are to apprise the owner and to apprise persons desirous of purchasing so they may know the particular property to be sold. If the advertisement defeats both or either of these objects by its form or description, then the designs of the law in requiring public notice to be given have not been fulfilled. The proceeding is irregular and the sale void."

In the case of *Riverdale Presbyterian Church v. Paul B. Pugh & Co.*, 154 Md. 550, 140 A. 844, the property was advertised at tax sale as follows: "Pugh, Paul B. & Company, lots 17, 18, block 34, Riverdale, Liber 4, folio 174, taxes, interest, penalties and cost, $10.63." The Court in that case said, 154 Md. at page 560, 140 A. at page 848: "While the advertisement in this case may conceivably have been sufficient to warn the owner of the fact that his property was about to be sold, it was certainly insufficient to inform persons, who might desire to bid on it, of its area and location. Reference was made, as has been stated, to 'Liber 4, folio 174,' but nothing was added to show. whether that was a record of the treasurer's office, the county commissioners' office, or a land record of Prince George's county, or indeed what it was. It could be inferred that 'Riverdale' is a district of Prince George's County, and that 'Liber 4' is a land record of that county, but such an advertisement ought

at least to be definite enough to identify the property advertised without the assistance of a conveyancer, and ought not to require its identity to depend upon guesses or inferences. 'Block 34' would mean nothing unless connected by reference with some plan or plat by which it could be identified, and the advertisement contained no such reference. In our opinion the advertisement failed to comply with the plain and obvious intent of the statute, in that it failed to give such a description of the property as would afford reasonable information of its location to prospective buyers."

As above set forth, it is stipulated and agreed in this case that not only the tax bill, but the schedule, the poster advertising the sale, the certificate of publication of the advertisement of sale, the Order Nisi, certificate of publication of the Order Nisi, and the purported sale of the property in question referred to and described said property with the word "west" instead of "east".

Code 1939, Article 81, section 76, in effect at the time of this sale, provides in part: "Any advertised notice of sale in the counties shall be deemed sufficient if it contains the house and place, the year or years for which taxes are due, to whom assessed, the district where located, the quantity of land, if there be recorded evidence thereof and a reference to the book or folio where the deed for said property may be found, and the date of the deed." Here, there is not only a mistake by the collector in the description of the property but no reference to the book or folio where the deed for the property could be found and no reference to the date of the deed. *Riverdale Presbyterian Church v. Paul B. Pugh & Co., supra.* These defects are far more than slight deviations from the provisions of law authorizing the sale of property for the purpose of collecting taxes. *Pendergast v. Young,* 188 Md. 411, 53 A. 2d 11; *Hickey v. Peck, supra.*

It is a well known principle of law that chancery has no jurisdiction to decide contested titles to real estate and when an injunction is sought to obtain permanent relief and not a mere auxiliary remedy, and the title is con-

tested upon grounds which appear to be substantial, the Chancellor should refrain from granting relief until the title has been definitely established at law. *Smith v. Shiebeck,* 180 Md. 412, 417, 418, 24 A. 2d 795. See cases there cited. It is a settled practice in this State that disputes of title should be litigated at law. *Finglass v. George Franke Sons Co.,* 172 Md. 135, 136, 137, 190 A. 752; *Punte v. Taylor,* 189 Md. 102, 53 A. 2d 773, 777.

In fact it is provided by Code 1939, Article 16, Section 226: "If it appear to the court, either from the pleadings or otherwise, that there is a question of law in any case, which it would be convenient to have decided before any evidence is given, or any question or issue of fact is tried, the court may make an order accordingly, and may direct such question of law to be raised for the opinion of the court, either by special case or in such other manner as the court may deem expedient; and all such proceedings as the decisions of such questions of law may render unnecessary may therefore be stayed."

It has been held by this Court in a number of cases that the courts act under a special and limited jurisdiction in passing on report of sales for taxes and it was not intended by the Legislature that those courts should be called upon to exercise their general equity jurisdiction in such cases. *Guisebert v. Etchison, supra,* 487; *Reth v. Levison,* 135 Md. 395, 397, 109 A. 76. On the face of this bill the title is void. Therefore equity would never have power to proceed on this bill to grant any relief. Where a title is as patently defective as that shown on the face of this bill filed by the appellee, it would serve no good purpose for this Court to direct such a question of title to be decided by the law court or to stay these proceedings. Such a procedure would only entail delay and expense. If a bill fails to state on its face, a case within the jurisdiction of a court of equity, that error is fatal at every stage of the case. *Miller's Equity Procedure,* Section 97, page 124; *Estep v. Watkins,* 1 Bland 486, 489; *Grove v. Rentch,* 26 Md. 367, 377.

We will therefore reverse the decree and dismiss the bill without prejudice as to further proceedings.

> *Decree reversed, bill of complaint dismissed, without prejudice as to further proceedings; costs to be paid by the appellee.*